374 So.2d 622 (1979)
Thomas W. MURRAY, Sr., Appellant,
v.
Norma MURRAY, Appellee.
No. 78-2499.
District Court of Appeal of Florida, Fourth District.
August 15, 1979.
*623 Russell J. Ferraro, Jr., of McManus, Stewart & Ferraro, P.A., Stuart, for appellant.
James J. Butler, III, Stuart, for appellee.
ANSTEAD, Judge.
This is an appeal by the husband in a dissolution action involving a marriage of approximately seven months.
At the time of the marriage the husband was 72 years of age and had accumulated considerable wealth while the wife was age 40 and of more modest means. The trial court ordered the husband to pay certain charge account debts accumulated by the wife during the separation and ordered the husband to pay $1,000.00 monthly rehabilitative alimony for four years or until the wife received a bachelor's degree, whichever occurred first. The court denied the husband's prayer for a special equity in the homeplace and refused to order the wife to repay certain sums taken from a joint bank account at the time of separation. The husband seeks to overturn all of these provisions.
We find no error in the provisions regarding the marital home, the bank account, and the charge accounts. Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978). However, we do not believe the evidence supports the award of rehabilitative alimony. Rehabilitative alimony is designed to aid a person to regain the ability for self-support similar to that which previously existed or would have existed except for the marriage of the parties. Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979); Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973).
The marriage was of extremely short duration. And although it appears that the parties resided together for a number of years prior to marriage, we do not believe such circumstances provide a proper basis for an award of rehabilitative alimony. Here, the trial court specifically found that the wife had the ability to provide for herself and denied the wife permanent alimony. That finding is supported by the evidence. However, there is no evidence that the wife would have completed four *624 years of college except for her marriage, or that she required a college education to regain the same ability to support herself that she possessed when she married the appellant. Nor is there any evidence that she would require four years to regain her ability for self-support.
There is some indication that the award was predicated on the standard of living established during the short duration of the marriage. At the most, however, we believe that proof would justify a short period of rehabilitative alimony sufficient to allow the wife to "bridge" the gap between the high standard of living enjoyed during the brief marriage and the more modest standard that the wife can provide for herself.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part with directions that the award of rehabilitative alimony be reduced from four years to six months.
BERANEK, J., and CROSS, SPENCER C., Associate Judge, concur.