CAMPBELL, Judge.
Charles Maggio appeals from the final judgment of dissolution which awarded his former wife special equity in property no longer owned by either of the parties.
Prior to this marriage, Mrs. Maggio owned a home in Florida which she subsequently sold; the proceeds were used both to purchase a car for the husband and to help pay off a loan obtained by the husband to apply to the purchase of a New Jersey home. At the dissolution hearing, the trial judge determined that Mrs. Maggio was entitled to special equity in the following:
4. The Wife shall be awarded the following special equities:
A. $6,000.00 representing one-half of her cash contribution ($12,000.00) to the marriage, used to purchase the Husband’s car and pay the Husband’s accountant.

D. $7,000.00 representing one-half of the excess proceeds of the sale ($14,-000.00) of the jointly held New Jersey marital domicile which the Husband placed in a separate account and was used in the purchase of the Brown Derby [a restaurant].
Special equity is a vested interest which a spouse acquires because of contri *1079 bution of funds, property or services made over and above the performance of normal marital duties. Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980). See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The trial court may award a special equity when those ownership rights are reasonably ascertainable. Lawless v. Lawless, 362 So.2d 302 (Fla. 2d DCA 1978). However, it is error for the trial judge to award a special equity without specifying the res in which it vests. Veiner v. Veiner, 364 So.2d 834 (Fla. 3d DCA 1978).
The $6,000 and $7,000 special equities awarded here cannot be upheld because the final judgment does not award those special equities in a specified res, or a specific fund. Though the final judgment states that “the Wife shall be entitled to a lien in said amount to secure payment against the Brown Derby,” that is not sufficient to comply with the finding of a special equity in a particular res. In addition, the lien language of the judgment is too ambiguous to be enforceable against the husband. The final judgment finds the wife entitled to a special equity in four separate and distinct amounts without specifying a total and yet the lien language awards a lien “in said amount.”
Inasmuch as we find the special equities of $6,000 and $7,000 improper, we reverse the final judgment and remand to the trial court. Because our finding of error in the two specified special equities may be disruptive to the trial court’s plan of doing equity between the parties, upon remand, the trial judge may rehear and reconsider the equities and the parties’ needs and abilities to pay to insure a proper judgment is entered. In doing so, upon a proper showing and finding, a distribution of these same sums could be effected through the use of lump sum alimony.
REVERSED and REMANDED for treatment consistent with this opinion.
HOBSON, A. C. J., and OTT, J., concur.