412 So.2d 38 (1982)
Paul A. POPPE, Appellant,
v.
Jean I. POPPE, Appellee.
No. 80-2537.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Martin Levinson and Stephen R. Schneider, Miami, for appellant.
No appearance for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
We vacate the provision in the final judgment of dissolution ordering the husband, an Air Force pilot, to pay his wife rehabilitative alimony. Although Mrs. Poppe is a certified teacher with a master's degree and is a trained legal secretary, she wishes to pursue her interest in writing religious music. The record reflects, however, that Mrs. Poppe does not require financial assistance to regain a useful and constructive role in society. In the absence of a need for vocational or other training, she is not entitled to receive rehabilitative alimony. Mertz v. Mertz, 287 So.2d 691 (Fla.2d DCA 1974); see Scott v. Scott, 408 So.2d 1089 (Fla.3d DCA 1982); Kellner v. Kellner, 388 So.2d 1274 (Fla. 4th DCA 1980).
Mrs. Poppe received a half interest in the parties' real and personal property and is self-supporting. Her husband is responsible for one son's college expenses along with custody of the minor child. Since Mrs. Poppe is in a financial position equal to that of her husband, she is not entitled to an award of attorney's fees. Pepper v. Pepper, 388 So.2d 1342 (Fla. 3d DCA 1980); Caldwell v. Caldwell, 383 So.2d 1115 (Fla. 3d DCA 1980); Mertz v. Mertz, supra; see Bucci v. Bucci, 350 So.2d 786 (Fla. 3d DCA 1977); Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 737 (Fla. 1975).
For these reasons, we vacate the awards pertaining to rehabilitative alimony and attorney's fees but affirm the remainder of the final judgment.
Affirmed in part, reversed in part.