462 So.2d 613 (1985)
Robert L. PIERSON, Appellant,
v.
Debra Fulford PIERSON, Appellee.
No. 84-586.
District Court of Appeal of Florida, Second District.
January 30, 1985.
Guy M. Burns, Jacobs, Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., St. Petersburg, for appellant.
Mark P. Kelly, Freeman & Lopez, P.A., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Robert L. Pierson, has appealed from a final judgment of dissolution of *614 marriage. We find that the trial court erred in awarding to appellee, Debra Fulford Pierson, one year of rehabilitative alimony in the amount of $60 per week, but affirm the judgment in all other respects.
The principle purpose of rehabilitative alimony is to establish the capacity for self-support in the receiving spouse, through redeveloping previous skills or providing new training to develop potential supportive skills. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In this case the parties lived together less than nine months. Before, during, and after the marriage, appellee was employed as a bartender and was earning at least the same salary that she had earned prior to the marriage. Appellee and her child by a former marriage had lived with appellee's father before her marriage to appellant, and they returned to his home after the parties separated. Prior to the entry of the final judgment of dissolution of marriage, appellee enrolled in one course at a local college. The record reflects neither the nature of the course nor the purpose for which it was taken.[1] There was no evidence that the course would assist appellee in redeveloping or improving the position she held prior to, during, and after the marriage. Furthermore, nothing in the record reflects that appellee incurred relocation expenses in moving back to her father's home. The trial court therefore erred in awarding rehabilitative alimony. Canakaris; see also, McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).
We, accordingly, remand this case to the trial court with directions to strike that portion of the final judgment awarding rehabilitative alimony to the appellee. We affirm in all other respects.
Affirmed in part, reversed in part.
OTT, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] A transcript of the proceedings in the trial court was not furnished to this court. The statement of evidence submitted by the parties fails to reflect the parties' age, educational background or their physical and emotional condition.