ORDER
Counsel for appellee having filed a motion to dismiss the above-styled appeal, upon consideration, it is
ORDERED that the motion is granted as to the June 9, 1986 order which awarded damages of $100,550, and this appeal may proceed only as to the interest and costs awarded by the court on June 13, 1986. It is further
ORDERED that appellants’ motion to strike appellee’s reply to appellant’s response to motion to dismiss or motion for leave to file a response thereto is hereby denied.
ON MOTION FOR REHEARING
FRANK, Judge.
The appellant, Prudential-Bache Securities, Inc., has sought rehearing of that portion of our order dated February 5, 1987, in which we granted the motion filed *316 by the appellee, Jed Bandes, to dismiss the appeal taken from the trial court’s order dated June 9, 1986. We deny the motion for rehearing for the reasons expressed below.
We adhere to the determination underlying our February 5 order that the trial court’s order entered, dated and filed on June 9, 1986, was a final order within the meaning of Rules 9.030(b)(1)(A) and 9.110(a)(1) of the Florida Rules of Appellate Procedure. The June 9 order by its express terms and within the role and function of the trial court contemplated in the Arbitration Code, Chapter 682, Florida Statutes (1986), terminated all substantive judicial labors which were required of the trial court; it confirmed the arbitrator’s award. The only task which remained for judicial attention was the determination of taxable costs and prejudgment interest. It is well settled that the reservation of jurisdiction to award costs does not detract from an order’s finality. See, e.g., Grasland v. Taylor Woodrow Homes Ltd., 460 So.2d 940 (Fla. 2d DCA 1984). Similarly, the unresolved element of prejudgment interested not disparage the June 9 order’s conclusiveness. See Wabash Life Insurance Co. v. Rosenberg, 177 So.2d 538 (Fla. 3d DCA 1965), prohibition denied, 184 So.2d 889 (Fla.1966). Thus, Prudential-Bache was required by Rule 1.530(b) of the Florida Rules of Civil Procedure to serve an appropriate motion within 10 days, or by June 19, to achieve a rehearing of the June 9 order. A motion for rehearing was not served on or before that date. One was served, however, on June 20, 1986, but as we note below, it was not, and could not effectively have been, directed to the June 9 order.
Prudential-Bache seeks to overcome the timeliness default based upon a June 13 occurrence. On that date the trial court executed an order captioned “Final Judgment.” The so-called “final judgment’s” prefatory paragraph makes abundantly plain that the only matters then before the trial court, which it resolved, arose from Bandes’ motion to tax costs and interest against Prudential-Bache. Bandes had initiated effort to achieve execution based upon the June 9 order.
Although Prudential-Bache’s June 20 motion for rehearing was directed to the June 13 order, its substance was grounded upon matters wholly unrelated to the taxation of costs and interest. Rather, the motion attacked the impartiality of one of the arbitrators, a subject matter which could have been raised in a timely motion for rehearing of the June 9 order. We have concluded that the June 20 motion for rehearing was Prudential-Bache’s bootstrapped attempt to overcome its failure to challenge the June 9 order through a motion for rehearing served within the prescribed period.
The saga before the trial court did not end, however, with the June 20 motion. On August 1, 1986, Bandes filed a motion with the trial court seeking an order finding that execution was issued legally. That motion spawned an order, dated August 18, 1986, in which the trial court quashed the execution undertaken pursuant to the June 9 order stating that the June 9 order was “non-final” and “not a judgment.” We, of course, disagree with the trial court’s conclusions. In any case, the August 18 order was a nullity. See Shelby Mutual Insurance Co., 236 So.2d 1 (Fla.1970); cf., Florida National Bank v. Domanska, 486 So.2d 1384 (Fla.3d DCA 1986). Thereafter, on September 8, 1986, the trial court entered an order denying Prudential-Bache's motion for rehearing. On that same day, Prudential-Bache filed its notice of appeal in which it identified the September 8 order as the final order denying rehearing of the judgment entered on June 13.
In sum, the procedural events which occurred following entry of the June 9 order neither preserved nor extended the thirty day period within which Prudential-Bache could initiate appellate review of the June 9 order. Prudential-Bache may, of course, continue its appeal from the order taxing costs and awarding prejudgment interest. We strike the brief filed on behalf of Prudential-Bache, however, for the reason that *317 it is not responsive to the issues surviving our February 5 order.
SCHEB, A.C.J., and HALL, J., concur.