510 So.2d 1023 (1987)
Alicia Maria IRIBAR, Appellant,
v.
Manuel IRIBAR, Appellee.
No. 86-2125.
District Court of Appeal of Florida, Third District.
July 21, 1987.
Rehearing Denied September 2, 1987.
Cristina DeOliveira, Coral Gables, for appellant.
Frumkes & Greene and Cynthia Greene, Miami, for appellee.
*1024 Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
The wife Alicia maria Iribar appeals a final judgment of marriage dissolution entered below. She claims error as to three aspects of the final judgment, namely, (1) the trial court's refusal to award her, as lump sum alimony, (a) the husband's one-half interest in the marital home and (b) an automobile; (2) the trial court's eighteen-month rehabilitative alimony award, contending that the award should have been for five years; and (3) the trial court's refusal to award her attorney's fees and costs. We affirm on the first two points, but reverse as to the third point.
First, we see no abuse of discretion in the trial court's refusal to award the wife the husband's one-half interest in the marital home. The trial court could have reasonably concluded, as it did, that this asset should be equally divided between the parties because (a) the marital home was the only substantial asset acquired by the parties during the marriage, (b) the marriage was a short-term one (ten years) which produced no children, and (c) the wife made no significant contribution to her husband's career, as both parties pursued their own career paths during the marriage. See Hiler v. Hiler, 442 So.2d 373, 374 (Fla. 2d DCA 1983); Bullard v. Bullard, 413 So.2d 1238, 1239 (Fla. 3d DCA 1982); Gorman v. Gorman, 400 So.2d 75, 79 (Fla. 5th DCA 1981). We further see no abuse of discretion in refusing to award the wife an automobile as lump sum alimony because (a) the parties owned no automobile to be distributed to the wife, and (b) the trial court otherwise equitably distributed the assets of the marriage. See Poitier v. Poitier, 458 So.2d 428 (Fla. 3d DCA 1984); Maggio v. Maggio, 405 So.2d 1078, 1079 (Fla. 2d DCA 1981); Feldman v. Feldman, 390 So.2d 1231, 1232 (Fla. 3d DCA 1980).
Second, we see no merit in the wife's attack on the rehabilitative alimony award. The award was strictly a bridge-the-gap type of award as the wife is presently employed, has more than adequate employment skills, and needs nothing to be "rehabilitated" to, other than to ease her transition from a married to a single status. The trial court was well within its discretion in deciding that an eighteen-month award at $1,000 a month was adequate to achieve this transition for the wife. Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979).
Third, we conclude that the trial court abused its discretion in failing to grant the wife's application for attorney's fees and costs as plainly (1) the wife was in considerable need of such an award, and (2) the husband's financial position to pay for such fees and costs was superior to the wife's inasmuch as his annual income exceeds hers by over $100,000. The trial court should, therefore, have ruled at the conclusion of the final hearing that the wife was entitled to an award of attorney's fees and costs as requested by the wife's counsel, and, thereafter, conducted a separately noticed evidentiary hearing to determine the reasonable value of the subject attorney's fees and costs.
Fourth, we specifically disagree with the trial court's legal basis for denying the attorney's fees and costs, namely, that (a) no testimony had been presented at the final hearing as to the reasonable value of the subject attorney's fees and costs, and (b) no reservation of jurisdiction was sought to conduct a separate hearing at which time the above evidence would be elicited. In the first place, the above-stated lack of evidence was totally irrelevant to the issue of the wife's entitlement to attorney's fees and costs, which was otherwise fully established at the final hearing. In the second place, the wife's application for attorney's fees and costs implicitly carried with it a request for a separate hearing on the amount of attorney's fees and costs, in the event the court ruled that the wife was entitled to such fees and costs at the final hearing; a separate request for a reservation of jurisdiction to conduct such a hearing was therefore unnecessary. Indeed, such a separate hearing is entirely appropriate in marriage dissolution actions because *1025 a party who seeks such fees cannot be expected to adduce expert testimony at the final hearing as to the reasonableness of the attorney services rendered without first knowing the results which the attorney obtained in the case; these results cannot be known until after the final hearing. See Buckingham v. Buckingham, 492 So.2d 858, 861 (Fla. 1st DCA 1986); Agudo v. Agudo, 449 So.2d 909, 911 (Fla. 3d DCA 1984); Travieso v. Travieso, 447 So.2d 940, 943-44 (Fla. 3d DCA 1984), quashed in part, approved in part, 474 So.2d 1184 (Fla. 1985); Novak v. Novak, 429 So.2d 414, 415 (Fla. 4th DCA), pet. for review denied, 438 So.2d 833 (Fla. 1983); Feldman v. Feldman, 390 So.2d 1231, 1232 (Fla. 3d DCA 1980).
The final judgment of marriage dissolution is affirmed, save for the denial of an award of attorney's fees and costs for the wife. The denial of such an award is reversed, and the cause is remanded to the trial court with directions to (1) grant the wife's application for attorney's fees and costs; (2) conduct a hearing on (a) the reasonable value of the attorney services rendered to the wife and (b) the taxable costs expended by the wife; and (3) enter an order awarding reasonable attorney's fees and costs for the wife.
Affirmed in part; reversed in part and remanded for further proceedings.