529 So.2d 777 (1988)
Owen Garfield EDWARDS, Appellant,
v.
Lida Torres EDWARDS, Appellee.
Nos. 87-2096 to 87-2098.
District Court of Appeal of Florida, Third District.
July 26, 1988.
Rehearing Denied September 2, 1988.
Andrea L. Wolfson, Hollywood, Neimark & Neimark and Debbie Neimark, Coral Springs, for appellant.
Edward C. Vining, Jr. and Thomas B. Scott, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
The former husband Owen Edwards appeals a final judgment of marriage dissolution entered below and attacks various awards made in the judgment. We find merit in the former husband's contention that the trial court erred in awarding the former wife Lida Edwards rehabilitative alimony because, on this record, there was utterly no evidence adduced below that the former wife in this short-term, two-year marriage needed any assistance "to regain the ability for self-support similar to that which previously existed or would have existed except for the marriage of the parties." Murray v. Murray, 374 So.2d 622, *778 623 (Fla. 4th DCA 1979); accord Fowler v. Fowler, 516 So.2d 113 (Fla. 5th DCA 1987); Pierson v. Pierson, 462 So.2d 613 (Fla. 2d DCA 1985); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982). There is no evidence in this record that the former wife's earning ability suffered during her marriage, as it is undisputed that she was able to work and entirely pay for her schooling both before and during the marriage. She clearly possesses earning abilities substantially equal to the husband although she was unemployed at the time of the final hearing, having been fired from her job two weeks earlier; without dispute, however, she plainly has the talent and training to obtain another similar-type job. Moreover, the net worth of the parties is roughly equal. Given our conclusion that the entry of any rehabilitative alimony was error, the former wife's cross appeal becomes moot.
We find no merit, however, in the balance of the former husband's attack on the final judgment. Beyond that, and notwithstanding our prior contrary ruling on appellee's motion to dismiss, we are compelled to dismiss the former husband's appeal from the final judgment awarding attorney's fees to the former wife because the appeal therefrom was untimely filed. See Adler v. Adler, 365 So.2d 411, 412 (Fla. 3d DCA 1978); Simkins v. Simkins, 249 So.2d 444, 445-46 (Fla. 3d DCA 1971); cf. Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So.2d 78, 79 (Fla. 1976); Prudential-Bache Sec., Inc. v. Bandes, 510 So.2d 315, 316 (Fla. 2d DCA 1987); Kucera v. Kucera, 330 So.2d 36, 37 (Fla. 4th DCA 1975).
The final judgment of marriage dissolution is therefore affirmed in all respects, save for the rehabilitative alimony award which is hereby reversed. Because we cannot determine how much of the $6,800 combined award for rehabilitative alimony, house improvement reimbursement, relocation expense reimbursement, and car payment reimbursement is attributable to rehabilitative alimony, we remand the cause to the trial court to strike from the aforesaid $6,800 award the amount the trial court intended as rehabilitative alimony. The appeal from the final judgment of attorney's fees is dismissed.
Affirmed in part; reversed in part and remanded; dismissed in part.