537 So.2d 586 (1988)
Esther HURWIT, Appellant,
v.
Handre HURWIT, Appellee.
No. 88-109.
District Court of Appeal of Florida, Third District.
September 6, 1988.
On Motion for Rehearing November 8, 1988.
Lawrence A. France, North Miami Beach, for appellant.
Rhea P. Grossman, Miami, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is the wife's appeal from a judgment of dissolution which provided, inter alia, that she receive rehabilitative alimony of $1,000 per month for six months from her ex-husband, Handre Hurwit. Esther Hurwit argues that the trial court should have awarded her more alimony and for a longer period of time. We find that the trial court did not abuse its discretion, and therefore affirm.
The marriage between Esther and Handre was childless and short-lived. Esther was 21 years old at the time of the marriage and 25 at the time of the divorce. The record contains evidence from which the trial court could have reasonably concluded, as it did, that Esther is able to live adequately without long-term support from her ex-husband. See Edwards v. Edwards, 529 So.2d 777, 778 (Fla. 3d DCA 1988) ("[T]here was utterly no evidence adduced below that the former wife in this short-term, two-year marriage needed any assistance `to regain the ability for self-support similar to that which previously existed or would have existed except for the marriage of the parties.'") (quoting Murray v. Murray, 374 So.2d 622, 623 (Fla. 4th DCA 1979); Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987) ("The award [of rehabilitative alimony] was strictly a bridge-the-gap type of award as the wife is presently employed, has more than adequate employment skills, and needs nothing to be `rehabilitated' to, other than to ease her transition from a married to a single status."); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982) (award of rehabilitative alimony to wife is reversed, as she does not require financial assistance to regain a useful and constructive role in society). Esther's request for more alimony is based on her asserted need for support while she pursues the goal of obtaining a master's degree and doctorate in psychology, notwithstanding that she does not yet have an undergraduate degree. Moreover, while she claims that she sacrificed a potential *587 nursing career during the marriage, there is ample evidence in the record to suggest that she gave up on a nursing career before the marriage.
AFFIRMED.
NESBITT and DANIEL S. PEARSON, JJ., concur.
BASKIN, Judge (dissenting).
I respectfully dissent. Both parties to this four-and-a-half year marriage pursued career-oriented education programs. Prior to their marriage the husband had completed medical school and an internship program; the wife had attended a nursing program for two and a half years. Subsequent to their marriage, the husband enrolled in and completed his residency in internal medicine in Cleveland, Ohio. During this two-and-a-half-year period, the wife worked at low-paying jobs. Upon the parties' return to Miami, the husband enrolled in a fellowship program in cardiology and worked in hospital emergency rooms. The wife began fulfilling educational requirements for a psychology career; she also worked as a receptionist. By the time the parties separated, the husband had completed his fellowship and was attempting to pass his internal medicine and cardiology board examinations. At the final hearing, evidence demonstrated that the husband, now a physician, was practicing medicine as an employee of another physician, without compensation,[1] and that the wife was still an undergraduate student qualified only for low-paying jobs.
"Rehabilitative alimony is used to establish the capacity for self-support in the receiving spouse, either through the redevelopment of previous skills, or provision of the training necessary to develop potential supportive skills." Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987) (quoting Sever v. Sever, 467 So.2d 492, 494 (Fla. 2d DCA 1985), and "presupposes a potential for self-support that has been underdeveloped or completely lost during the marriage." Hobart v. Hobart, 512 So.2d 992, 994 (Fla. 1st DCA 1987), review denied, 519 So.2d 987 (Fla. 1988). In the case before us, the trial court's award of rehabilitative alimony demonstrates its belief that appellant has the capacity for self-support and the need for training; however, the trial court's award to the wife of $1,000 a month rehabilitative alimony for a mere six months is so inadequate that it constitutes an abuse of discretion. At trial, the wife presented expert testimony that she must attend school for six years if she is to attain her career goal and become self-supporting.[2]
The record fails to demonstrate any possibility that the wife could become self-supporting in only six months or that $6,000 would allow her to achieve that result. See Pardue v. Pardue, 518 So.2d 954 (Fla. 1st DCA 1988) (court award of $200 per month rehabilitative alimony for two years, the length of time necessary for wife to complete college as a full-time student constitutes abuse of discretion; amount and duration of award not realistic support while completing college education). Cf. Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987) (an eighteen month rehabilitative alimony award at $1,000 a month within trial court's discretion as a "bridge the gap type of award as the wife is presently employed, has more than adequate employment skills, and needs nothing to be `rehabilitated' to, other than to ease her transition from a married to a single status.") Had the wife not sacrificed her education, *588 it is hard to imagine that she would have received a lower award.
The inadequacy of the award certainly raises a suspicion that the trial court failed to consider the adverse effect of the wife's sacrifice in delaying her education.[3] At the final hearing, Mrs. Hurwit testified that although she had been accepted as a student at Cleveland State, the parties jointly decided that she should obtain employment and wait until their return to Miami to complete her education. The evidence discloses that her earning capacity was hampered by the interruption of her education during her husband's residency in Cleveland. That Mrs. Hurwit proceeded to resume her education upon the parties' return to Miami, demonstrates her ambition to advance her financial statutes. Cf. Fowler v. Fowler, 516 So.2d 113, 114 (Fla. 5th DCA 1987) (holding that "there was no evidence that the former wife's earning ability suffered during the nine-month marriage or that she plans to obtain additional training or education," the court reversed the rehabilitative alimony award.)
Finally, even if the award is viewed as lump sum alimony, it is inadequate to meet the wife's financial needs and effectively punishes her for delaying her education. Under the award as it now stands, Mrs. Hurwit will be forced to incur additional expense to seek modification near the end of the six-month period, see Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975), a short-sighted resolution, at best.
For these reasons, I would reverse and remand with directions to continue the rehabilitative alimony, at least until the wife obtains her master's degree, if not her doctoral degree.

ON MOTION FOR REHEARING
Denied.
NESBITT and DANIEL S. PEARSON, JJ., concur.
BASKIN, Judge (dissenting on motion for rehearing).
In her petition for rehearing, appellant cites facts she contends the majority overlooked, facts which would entitle her to receive the rehabilitative alimony contemplated by the legislature as a means of providing her with the education she needs to earn a decent living. I agree that reconsideration should be granted. The award of a mere $1,000 a month for six months deprives her of the ability to reenter the job market and live at her former standard. Without education, she is doomed to low-paying jobs. Her husband furthered his medical training in cardiology during the marriage; she should have the opportunity to continue the education she postponed for her marriage.
I urge the majority to grant rehearing and to review the circumstances of this case. I would grant rehearing and require the trial court to award adequate rehabilitative alimony.
NOTES
[1] The husband testified that other physicians who were in the same fellowship program and had not passed their boards earned yearly salaries in excess of $50,000. The husband also stated that he could earn a salary practicing medicine in a field other than invasive cardiology. Thus, the court did not abuse its discretion in imputing income to the husband. See Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987); Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986).
[2] Expert testimony indicated that earning a master's degree in psychology takes approximately two-and-a-half years of study. Earning a doctoral degree adds four years. The entry-level salary range for holders of a master's degree is $18,000-20,000; for a doctorate, $35,000-40,000, according to testimony.
[3] I disagree with the majority's suggestion that Mrs. Hurwit's only educational sacrifice occurred prior to the marriage. Record evidence shows that the parties' decision to postpone Mrs. Hurwit's education was made during the marriage. It is this sacrifice, rather than the relinquishment of her nursing career prior to the marriage, which places her at an educational and economic disadvantage, and was a factor properly before the court.