619 So.2d 972 (1993)
Douglas L. WILLIAMS, Appellant,
v.
Aubyn G. WILLIAMS, Appellee.
Nos. 91-2171, 92-37.
District Court of Appeal of Florida, Third District.
March 23, 1993.
*973 Rhea P. Grossman, Miami, for appellant.
Brian R. Hersh, Miami, for appellee.
Before NESBITT, LEVY, and GERSTEN, JJ.
PER CURIAM.
In these consolidated cases ordering the dissolution of marriage of Douglas L. Williams and Aubyn G. Williams, and ordering the husband to pay the wife's attorney's fees, the husband appeals the distribution of marital assets and the type and amounts of support ordered, as well as the order that he pay the wife's attorney's fees. The wife cross-appeals the trial court's denial of her claim for permanent periodic alimony and the denial of her claim for prejudgment interest on the fees award. We order the final judgment of dissolution be reversed only insofar as it awards the wife the piano which the husband had inherited from his father. We affirm, in all other respects, the final judgment granting dissolution, and the order that the husband pay the fees of the wife's counsel. We address three points raised in these appeals and cross-appeals.
First, the trial court erred in awarding the wife the piano the husband had inherited from his father. Section 61.075(1), Florida Statutes (1991) provides, "In a proceeding for dissolution of marriage ... the court shall set apart to each spouse that spouse's nonmarital assets and liabilities and shall distribute between the parties the marital assets and liabilities... ." In section 61.075(5)(b)2., Florida Statutes (1991) "nonmarital assets" are defined as those assets "acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets."
The piano valued at $5,000, belonged to the husband's family for the last 40-some years. The wife testified that her father-in-law had told her he wanted her to have the piano. However, no gift was made during the father-in-law's lifetime. The piano was inventoried and distributed through the father-in-law's estate, solely to the husband. Notwithstanding the above facts, the trial judge in this proceeding concluded: "[R]egardless of how the piano came to be located in the residence, it was incorporated into the household and became a marital asset." We disagree. On the record before us, the piano was the husband's property, not subject to distribution as a marital asset. See Kittinger v. Kittinger, 582 So.2d 139 (Fla. 5th DCA 1991).
Second, the trial court did not abuse its discretion in awarding rehabilitative alimony to the wife. The wife has been out of the job market for some nine years. The husband is a practicing trial attorney. The forty-eight months of rehabilitative alimony at $2,500 per month will help "establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990), quoting Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Further, in fashioning its order, the trial court considered, "the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates." Canakaris, 382 So.2d at 1201-02. Thus, we conclude that the trial court's discretionary authority was reasonably exercised under the test set forth in Canakaris in the order of rehabilitative alimony. See Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990); Hurwit v. Hurwit, 537 So.2d 586 (Fla. 3d DCA 1988); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987).
Third and finally, we agree with Mr. Williams that the trial court properly refused to grant prejudgment interest in the award of attorney's fees and costs. Attorney's fees, pursuant to section 61.16, Florida Statutes (1991), are litigation costs and not liquidated damages. Temple v. Temple, 539 So.2d 564 (Fla. 4th DCA 1989).
*974 Accordingly, we reverse the award of the piano to the wife. In all other respects, the orders under review are affirmed.
NESBITT and GERSTEN, JJ., concur.
LEVY, Judge (concurring in part and dissenting in part).
I agree with the majority opinion to the extent that it reverses that portion of the final judgment that awarded the wife the piano that the husband had inherited from his father.
I disagree, however, with the majority's holding that "the trial court did not abuse its discretion in awarding rehabilitative alimony to the wife".
I would reverse the classification of the alimony as being "rehabilitative", since there is no basis in the record justifying such an award. Clearly, the trial judge recognized this fact herself because, at the conclusion of the hearing, the trial judge stated "Although there is no evidence of a `rehabilitative plan', the court's conclusion is that an award of rehabilitative alimony will best suit the circumstances of this case". Since the trial judge recognized that there was no rehabilitation sought or planned by the wife, it was obviously the trial court's intention, based upon her view of the "circumstances of this case", to give the wife a particular sum of money over a particular period of time. It would appear that this award of alimony would have been more properly labeled as "lump sum" alimony. The results of this apparent mislabeling can create serious consequences for the husband at the end of the 48-month period, since, as labeled, rehabilitative alimony is subject to being extended by the trial court, at the request of the wife, forty-eight months from now, whereas the appropriate labeling of this alimony as "lump sum" alimony would preclude the wife from having the opportunity of trying to make this award, in effect, an openended source of money. This would be particularly inappropriate in view of the fact that this marriage was not one of long duration.
As far as all the other issues in the case are concerned, I agree with the majority opinion.