647 So.2d 168 (1994)
Kenneth MATTI, Jr., Appellant,
v.
Deborah A. MATTI, Appellee.
No. 93-02530.
District Court of Appeal of Florida, Second District.
June 24, 1994.
Elizabeth G. Mansfield, St. Petersburg, for appellant.
Deborah A. Matti, pro se.
*169 HALL, Judge.
The appellant, Kenneth Matti, Jr., challenges a final judgment in this marital dissolution case. We find merit only in his contentions that the trial court erred in awarding the appellee, Deborah A. Matti, lump sum alimony; in failing to consider evidence of Mrs. Matti's dissipation of marital assets; and in requiring Mr. Matti to pay Mrs. Matti an additional lump sum to effectuate equitable distribution. We, therefore, reverse the instant case for further consideration of those issues, but affirm the final judgment in all other respects.
The parties herein separated on March 5, 1992, after a thirteen-year marriage. Approximately one week later, Russell Remington, a longtime friend of the parties, moved into the parties' marital home with Mrs. Matti.
During the marriage, Mrs. Matti worked as a medical assistant, earning $7.50 to $8 per hour. Two months after her separation from Mr. Matti, however, Mrs. Matti stopped working and moved to Arkansas with Mr. Remington. Mrs. Matti then enrolled in a nursing program, while continuing to live with Mr. Remington in Arkansas. Mrs. Matti's expenses since that time have consisted of $150 per month in rent and a car payment of $227. The remainder of her living expenses have been paid by Mr. Remington.
Among the parties' meager assets at the time of their separation in March 1992, was the marital home and a mortgage receivable. At trial, however, it was revealed that the marital home was sold in May 1992, with proceeds of $1100 going to Mr. Remington and proceeds of $1200 being divided equally between the parties. It was disclosed that Mr. Remington became involved in the home sale transaction, so as to assist the parties in equitably dividing their property. The same situation was said to exist relative to the parties' mortgage receivable, wherein the parties each assigned their rights as mortgagees under the mortgage to Mr. Remington. On its face, the mortgage recited that Mr. Remington paid the parties $9000 in exchange for their rights under the mortgage, then received a $12,000 payoff thereon. The parties each testified, however, that they never actually received the $9000 payment from Mr. Remington, but that Mr. Remington did indeed receive a $12,000 payoff on the mortgage, which he used to support Mrs. Matti and to send her to school.
On direct examination, Mrs. Matti indicated that she felt she needed $400 per month in rehabilitative alimony from Mr. Matti for a period of two years. When further asked on direct why she needed such, she responded, "It was just an off the top of my head thing. It's really like I deserve it. I can't really say why. I'm self sufficient. I just feel like I've been gypped, I guess you could say. I came up with two years."
At the close of the hearing, the trial court found, among other things, that Mrs. Matti was entitled to lump sum alimony in the amount of $3000, payable in ten, monthly installments of $300 each. The trial court also found that, despite Mr. Matti's urging to the contrary, it could not consider Mr. Remington's involvement in the parties' home sale transaction or his acquisition of the parties' mortgage receivable as being relevant to a dissipation of marital assets in this instance, because those were transactions involving a third party. The trial court further found that Mrs. Matti was entitled to a lump sum payment of $6383 "to effectuate an equitable distribution of the marital assets and debts." Thereafter, the trial court entered a final judgment of dissolution to the same effect. Mr. Matti filed a timely notice of appeal.
On appeal, Mr. Matti argues that the trial court erred in awarding Mrs. Matti $3000 in lump sum alimony because she testified that she did not need it. We agree. Not only does the record establish that Mrs. Matti does not need rehabilitative alimony and is self-sufficient, but that her earning capacity did not diminish or suffer as a result of the marriage  nor is her earning capacity being enhanced by the additional education she is currently receiving. See Pierson v. Pierson, 462 So.2d 613 (Fla. 2d DCA 1985). The record shows that Mrs. Matti was earning $7.50 to $8 per hour during the marriage as a medical assistant. At trial, Mrs. Matti testified that, upon completion of the nursing program she is currently enrolled in, she can *170 expect to earn $8 per hour. Thus, in view of the fact there is no evidence of Mrs. Matti's need in this instance and, as will be discussed, the fact the record suggests the possibility that Mrs. Matti may have caused a dissipation of marital assets in this case, we find the trial court abused its discretion in awarding her rehabilitative alimony. See Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979) (wherein it is stated that, in awarding alimony, a court may consider "any conduct of either party which may have caused the difficult economic situation in which they stand before the court").
Mr. Matti also complains that the trial court erred in failing to consider evidence of Mr. Remington's involvement in certain transactions as being relevant to Mrs. Matti's dissipation of marital assets in this case. We, again, agree. Pursuant to section 61.075, Florida Statutes (1991), a court may consider "any other factors necessary to do equity and justice between the parties" in making an equitable distribution of marital property. See also, Gordon v. Gordon, 443 So.2d 282 (Fla. 2d DCA 1983). In particular, misconduct of a spouse which results in the dissipation of marital assets may be considered in devising an equitable distribution scheme. Romano v. Romano, 632 So.2d 207 (Fla. 4th DCA 1994); Huntley v. Huntley, 578 So.2d 890 (Fla. 1st DCA 1991); Pardue v. Pardue, 518 So.2d 954 (Fla. 1st DCA 1988); Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991).
In the instant case, the record shows that Mrs. Matti's paramour, Mr. Remington, was involved in the parties' home sale transaction and acquired the parties' rights under a mortgage receivable. The record further establishes that Mr. Remington derived significant benefit from both transactions, then used the proceeds to support and further educate Mrs. Matti. Mr. Matti testified that in trying to be diplomatic and come to some resolution with his wife with regard to their marital assets, he "had nothing but literal havoc from Russell Remington" and that he was "continually being harassed not only by [his] wife, but Mr. Remington." Since we find the record firmly suggests that Mrs. Matti's boyfriend may have significantly depleted the parties' assets with the help of Mrs. Matti, either by trickery or simply by duress, we find the trial court erred in failing to consider such in distributing the marital property in this instance.
Mr. Matti further contends the trial court erred in awarding a lump sum payment to Mrs. Matti in the amount of $6383 to effectuate equitable distribution. We find that in view of the fact there may have been an improper dissipation of marital assets in this instance, coupled with the fact that the record shows no liquid assets from which payment could possibly be made to Mrs. Matti, the award of this lump sum payment was improper and must be set aside.
Accordingly, the final judgment of dissolution is reversed with regard to only those issues discussed herein, and the case is remanded with instructions that the trial court revisit the issues in order to effectuate an equitable distribution in the instant case. The judgment is otherwise affirmed.
DANAHY, A.C.J., and QUINCE, J., concur.