648 So.2d 1261 (1995)
Angel M. CORCHADO, Appellant/Cross-Appellee,
v.
Julia M. CORCHADO, Appellee/Cross-Appellant.
No. 94-0126.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Robert I. Barrar, Jr., of Rubin & Rubin, P.A., Miami, for appellant/cross-appellee.
Susan R. Brown of Susan R. Brown, P.A., Hollywood, for appellee/cross-appellant.
PER CURIAM.
In this dissolution of marriage action, the former husband appeals and the former wife cross-appeals. We affirm in all respects except for the trial court's award of rehabilitative alimony to the former wife and the denial of the former wife's request for attorney's fees.
The final order of the trial court fails to adequately show a basis for the award of rehabilitative alimony to the wife in the amount of $650 per month for four years. The primary purpose for awarding rehabilitative alimony is to "establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). In addition, some courts have allowed rehabilitative alimony awards to serve as a "bridge-the-gap" measure to aid the recipient spouse in making the transition from a married to a single state. See Shea v. Shea, 572 So.2d 558 (Fla. 1st DCA 1990); Bridges v. Bridges, 506 So.2d 1047 (Fla. 4th DCA), rev. denied, 519 So.2d 986 (Fla. 1987); Contra Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991); Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994).
In the present case, no legally recognized basis for an award of rehabilitative alimony is readily discernible from the factual findings in the final order. Therefore, we vacate the award and remand to the trial court to either reinstate, amend or delete the rehabilitative alimony after placing additional findings in the order. The trial court may, in its discretion, hold additional evidentiary hearings on remand. In view of our holding in regard to rehabilitative alimony, we also vacate the trial court's order denying the wife attorney's fees so that the question may be re-examined by the trial court in light of the subsequent findings on remand.
Affirmed in part, reversed in part and remanded.
WARNER, PARIENTE and STEVENSON, JJ., concur.