704 So.2d 741 (1998)
Thomas E. BLASE, Former Husband, Appellant,
v.
Denise H. BLASE, Former Wife, Appellee.
No. 96-3142.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Christopher W. Boyden, North Palm Beach, for appellant.
Barbara J. Scheffer, Palm Beach Gardens, for appellee.
PER CURIAM.
Appellant, Thomas E. Blase (former husband), appeals the trial court's final judgment of dissolution of marriage. Former husband alleges that the trial court erred in failing to award him a special equity, and in awarding lump-sum and rehabilitative alimony to appellee, Denise H. Blase (former wife). We agree that the trial court erred in failing to exclude from the equitable distribution former husband's premarital contribution to his 401(k) account and in awarding former wife seven years of rehabilitative alimony. Accordingly, we reverse those portions of the final judgment.
Former husband and former wife were married for nine years, and had one child. At the time of dissolution, former husband was 43 years old, earning approximately $2,239 per month. Former wife was 38 years old, earning approximately $1,848 per month. Prior to the marriage, former husband established a 401(k) plan with his employer. According to husband's exhibit introduced without objection at trial, the account had a balance of approximately $31,000 at the time of the marriage.
In its order on final judgment of dissolution, the trial court found that the 401(k) had a balance of $140,000 at the time of separation, and that after paying taxes to the IRS and repaying a loan, former husband netted *742 approximately $87,213. The trial court awarded former wife $88,851, allegedly comprised of one-half of the liquidation of the 401(k) plan plus 50% of the loans the former husband had taken from the plan to liquidate the mortgage on his home, which was former husband's premarital asset, awarded to him in the judgment of dissolution.
Although the court did not specifically label assets as marital or nonmarital and did not value all assets in distribution as is required by subsection 61.075(3), Florida Statutes (1995), it is clear from our review of the distribution scheme that the court failed to credit former husband with his premarital contribution to the 401(k) plan. See Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995). Former husband should have received his premarital interest in the 401(k) account, plus any passive accumulations thereon.
Subsection 61.075(5)(a)4 defines marital assets as including: "All vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs." (Emphasis supplied). Nonmarital assets include assets acquired by either party prior to the marriage, and all income derived from the nonmarital assets during the marriage, unless the income was treated, used or relied upon by the parties as a marital asset. See § 61.075(5)(b)1, 3. Therefore, former husband is entitled to retain the funds in the 401(k) account at the time of his marriage to former wife, plus the passive accumulations thereon. See Adkins v. Adkins, 650 So.2d 61, 64 (Fla. 3d DCA 1994); Parker v. Parker, 610 So.2d 719, 720 (Fla. 1st DCA 1992); cf. Reich v. Reich, 652 So.2d 1200, 1202 (Fla. 4th DCA 1995). However, this is not a "special equity" as former husband claims, but simply his interest in the nonmarital portion of the asset. The portion of the 401(k) to which former wife is entitled as a "marital asset" is one-half of the contributions to the account, and the accumulations thereon, during the course of the marriage. See 61.075(5)(a)4; Griffiths v. Griffiths, 563 So.2d 773 (Fla. 3d DCA 1990).
We also find that the trial court erred in awarding former wife rehabilitative alimony. Former wife requested permanent alimony, which the trial court, in its discretion, chose not to award. Instead, the trial court, without explanation, awarded rehabilitative alimony. Generally, the purpose of rehabilitative alimony is to provide an opportunity for the ex-spouse to "establish the capacity for self-support" commensurate with the standard of living established during the course of the marriage, see Oxley v. Oxley, 695 So.2d 364, 366 (Fla. 4th DCA 1997), "either through redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); see also Corchado v. Corchado, 648 So.2d 1261 (Fla. 4th DCA 1995). However wife did not request, or establish a rehabilitative plan for, rehabilitative alimony, nor does the record support such an award.
Former wife argues that the award should nonetheless be affirmed as necessary to "bridge the gap" between married life and single life. While rehabilitative alimony has been awarded where no specific plan for rehabilitation was provided, and the alimony was considered "transitional" and necessary to "bridge the gap," a transition period of seven years exceeds the purpose of this type of short term assistance. See Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987); see also Green v. Green, 672 So.2d 49 (Fla. 4th DCA 1996); Vick v. Vick, 675 So.2d 714 (Fla. 5th DCA 1996).
Accordingly, we reverse the trial court's equitable distribution of marital assets and the award of rehabilitative alimony to former wife and remand for further consideration by the court in light of the principles contained herein. We affirm the award of lump-sum alimony. If the court so chooses it may take additional evidence or simply revisit the record in redetermining the equitable distribution. See Scott v. Scott, 643 So.2d 1124, 1126 (Fla. 4th DCA 1994).
DELL and WARNER, JJ., and PARIENTE, BARBARA J., Associate Judge, concur.