746 So.2d 1175 (1999)
James Allen SUTTON, Appellant,
v.
Susan Lee HART, Appellee.
No. 99-900.
District Court of Appeal of Florida, Third District.
December 8, 1999.
Bofill & Vilar, P.A. and Jose C. Bofill, Miami, for appellant.
Allan E. Weinstein and Jonathan Jonasz, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
GREEN, J.
The former husband appeals from a final judgment of dissolution and argues, among other things, that the trial court abused its discretion when it awarded the former wife rehabilitative alimony without any evidence to support a justifiable need for the same in this short term marriage. We agree and reverse.
The parties were married on June 24, 1995, and separated on June 17, 1997, after twenty-three months of marriage. They have one minor child born on September 25, 1995. At the time of their separation, the former wife was 27 years old and the former husband was 35 years old. Both have continuously been physically and emotionally healthy. Prior to their marriage, the former wife, who graduated from high school and attended a local community college for one year, had a history of clerical employment which paid her $7.50 per hour for 30-35 hours per week. During the marriage she was not employed outside of the home by mutual agreement with the former husband. After the parties' separation and at the time of the final hearing, the former wife resumed her employment as a clerical worker and was earning $8.50 an hour for 30 hours a week.
In the final judgment of dissolution the trial judge awarded the former wife rehabilitative alimony at the rate of $400 per month for a period of two years. The expressed purpose of this alimony was to enable the former wife to complete her *1176 education and obtain certification in the field of sonography. Despite the former wife's commendable desire to improve her lot in life, the trial court's award of such alimony constituted an abuse of discretion where the record evidence did not show that as a result of this short termed marriage, the former wife needed any assistance to regain the ability for self support similar to that which previously existed or would have existed but for the marriage of the parties. Edwards v. Edwards, 529 So.2d 777 (Fla. 3d DCA 1988) (quoting Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979); Hurwit v. Hurwit, 537 So.2d 586 (Fla. 3d DCA 1988); McDonald v. McDonald, 429 So.2d 795 (Fla. 4th DCA 1983)). This short termed marriage obviously did not affect the employability of the former wife as she was able to quickly resume her pre-marital clerical employment after the parties' separation at roughly the same wages. Her simple aspiration to acquire training in an additional field is insufficient for an award of rehabilitative alimony from her former spouse. See Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982) (In the absence of a need for vocational or other training, former wife was not entitled to rehabilitative alimony). We therefore reverse the award of rehabilitative alimony. In light of our reversal of this award, we remand this cause to the trial court for its determination of whether the amount of child support and attorney's fees awarded in this cause need any further reconsideration.
Finally, by stipulation of the parties, we also remand this cause for the trial court to amend the final judgment of dissolution to change the name of the parties' minor child to that of Tyler Sutton. In all other respects the judgment is affirmed.
Reversed and remanded in part with directions; affirmed in part.
SCHWARTZ, C.J., concurs.
JORGENSON, J., dissents.
JORGENSON, J., dissenting.
I respectfully dissent. In my view, the trial court acted well within its broad grant of discretion in awarding short term rehabilitative alimony to the wife.
This was an admittedly short term marriage; however, during the marriage the wife, at her husband's request, was not employed and instead cared full time for their child and their home. She relied entirely upon her husband for financial support. Under these circumstances, the trial court properly awarded short term rehabilitative alimony "to ease her transition from a married to a single status." Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987). In its detailed order, the trial court found the wife "credible and sincere" in her desire to achieve the career goal of a sonography specialist. The award of two years of rehabilitative alimony was carefully tailored to meet that goal and was not an abuse of discretion. I would affirm the trial court's order in its entirety.