776 So.2d 966 (2000)
David SIERRA, Appellant,
v.
Dayami SIERRA, Appellee.
No. 3D00-271.
District Court of Appeal of Florida, Third District.
December 27, 2000.
Rehearing Denied February 7, 2001.
*967 Brenda Bernstein Shapiro, Miami, for appellant.
Ainslee R. Ferdie, Miami, for appellee.
Before JORGENSON, GERSTEN, and FLETCHER, JJ.
FLETCHER, Judge.
The former husband David Sierra appeals from a final judgment of dissolution of marriage which he contends improperly awards rehabilitative alimony to the former wife and unnecessarily includes a child abuse reporting requirement. We reverse as to both issues.
The parties were married for approximately six years and had two children, aged five and seven at the time of the final hearing. Throughout their marriage the parties struggled financially to make ends meet. The 35-year-old former husband has approximately two years of college education and is currently employed with the United States Coast Guard, earning a net of $2,443.60 per month. The 28-year-old former wife completed only a few college courses before the marriage and worked as a waitress and restaurant hostess at various times both before and during the marriage. Although she worked in this capacity after the separation, at the time of the final hearing she was unemployed.
The trial court ordered the former husband to pay $815.00 per month child support. In addition, the court ordered him to pay to the former wife rehabilitative alimony while she attends school for four years to earn an education degree. We have reviewed this award in the light of all the evidence in the case and conclude that the trial court abused its discretion in awarding the former wife rehabilitative alimony, which is intended to provide assistance to a spouse while he or she regains the ability for self-support which may have been interrupted by the marriage. See Ingram v. Ingram, 750 So.2d 130 (Fla. 2d DCA 2000); Berki v. Berki, 636 So.2d 532 (Fla. 5th DCA 1994); Edgington v. Edgington, 588 So.2d 1055 (Fla. 3d DCA 1991). Where, as is the case here, the evidence shows that the marriage did not affect the spouse's ability to obtain the same or similar employment after the parties' separation, an award of rehabilitative alimony is unwarranted. See, e.g., Sutton v. Hart, 746 So.2d 1175 (Fla. 3d DCA 1999); Edwards v. Edwards, 529 So.2d 777 (Fla. 3d DCA 1988); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982).
As to the reporting requirement, the former wife testified at the final hearing that she believed, based on an ostensible disclosure from their oldest son, that the former husband was guilty of inappropriately touching the child. The child's treating psychiatrist, however, testified *968 that he did not believe the child had been sexually abused. Notwithstanding the wife's allegation, the trial court awarded the parties shared parental responsibility and provided for the former husband to have liberal, unsupervised visitation with his sons. The trial court, however, denied the former husband's post-trial motion to strike from the final judgment a provision requiring the former wife to report any future suspicions of child abuse to the Department of Children and Families. We agree with the former husband's contention that this provision is unnecessary in light of the mandatory reporting requirements of section 39.201, Florida Statutes (1999), and misleading and prejudicial when one considers the court's custody rulings.
For these reasons, we reverse the award of rehabilitative alimony and direct upon remand that the child abuse reporting provision be deleted; in all other respects we affirm the judgment below.