SHAHOOD, J.
Former husband, Mark Bode, appeals from a Final Judgment of Dissolution of Marriage. We affirm the award of attorney’s fees, but reverse as to all other issues raised and remand for further proceedings.
This case involves a two-year “Internet” marriage in which the parties had no children. The parties married on June 11, 2002. On July 8, 2004, former wife, Ilona Bode, filed a petition for dissolution alleging that the parties met over the Internet. Former husband provided former wife $800 a month while former wife lived in the Ukraine so she no longer had to work and induced her to join him in the United States. He sponsored her and her minor son’s immigration to the United States. Former wife claimed that after a falling-out with both former husband and his adult son who resided with them, former husband insisted that she move out of their residence without providing any financial assistance. Former wife claimed that she was in school full-time trying to earn a Master’s Degree so that she could seek full-time employment in a position comparable to what she held in the Ukraine. Former wife requested equitable distribution, temporary, rehabilitative alimony and/or lump sum alimony until she completed her studies and obtained employment, and attorney’s fees. At the time of filing, former wife’s financial affidavit listed no income and a total monthly deficit of $6,221.
Former husband answered the petition and denied former wife’s claims for relief. Former husband indicated on his financial affidavit that he was disabled and was self-employed as a PT financial planner. Former husband indicated that he received $1,400 from SSI/disability and $2,500 in monthly business income for a total monthly gross income of $3,900 and a monthly net income of $3,292.
A temporary support order was entered on September 14, 2004. Former wife was awarded temporary use and possession of a 1998 Acura automobile and her jewelry. Former husband was awarded temporary possession of the marital home, household furniture and his business. In addition, former wife was awarded temporary alimony in the amount of $3,500 per month, which included $200 for auto insurance and $342 for car payment, which former husband was required to pay. From these funds, former wife was to assume responsibility to pay her monthly rent, credit card bills and medical bills for herself and her son from another marriage. Further, former wife was awarded temporary attorney’s fees in the amount of $2,500 and $1,000 in costs.
*843 At the final hearing, after considering former wife’s request for rehabilitative alimony, the court stated that it considered the factors set forth in section 61.08, Florida Statutes (2004). The court found that former husband’s testimony that he was disabled was not credible because he “appeared in good health at trial.”
As to the financial resources of the parties, the court found that former wife had unsuccessfully tried to obtain full-time employment, that she was working part-time earning a net income of $401 every pay period, or $3,750 annually. The court also found that former wife’s living expenses were $3,500 per month.
As to former husband, the court rejected his testimony that he was disabled, had no more than nominal assets and lived off his social security benefits of $1,400 a month and insurance commission renewals of $800 a month. The court found that former husband earned $40,000 in insurance commissions through the middle of the year, which the court computed to be $3,333 a month and that former husband’s testimony that he paid his son from those gross figures was not credible. Further, the court found that former husband paid former wife’s temporary support in the amount of $3,500 and that his financial affidavit did not reflect that he incurred debt to pay the support.
As for former wife’s rehabilitative plan, the court found that former wife planned to re-enroll in Florida Atlantic University’s MBA program, which is a four-year program, at a cost of $600 a month. The court found that an MBA “will enable her to be self-sufficient at the level agreed to and contemplated by the parties during the. intact marriage.” As an alternative plan, former wife wanted to enroll in a two-year program to become a sonogram technician at a cost of $450 a month. The court found that that would enable her to earn between $50,000 and $150,000 annually.
The court further found that former wife gave up a “good paying prestigious job” in the Ukraine prior to the marriage and gave up her apartment in order to marry and move to the United States. Former wife’s job was no longer available and she would be returning to the Ukraine with the “stigma of having given up the job making it unlikely she will find comparable employment.”
Based on the above findings, the court ordered former husband to pay former wife rehabilitative alimony in the amount of $3,500 a month for living expenses and $450 a month for enrollment in the sonogram program from January 1, 2005 until May 2007, for a total of $3,950. In addition, former husband was required to pay $3,200 for former wife’s attorney’s fees.
Rehabilitative Alimony
On appeal, former husband claims that former wife failed to establish a need for rehabilitative alimony in a two-year marriage and that there was a lack of findings regarding the parties’ net incomes in order to justify the $3,950 award. We agree.
Courts have recognized that as long as the award is “within the parameters of reasonableness,” the trial court’s alimony award should not be disturbed on appeal. See Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980); Bacon v. Bacon, 819 So.2d 950 (Fla. 4th DCA 2002).
The purpose of rehabilitative alimony is two-fold: first, it is to enable the receiving spouse to “establish the capacity for self-support” commensurate with the standard of living established during the course of the marriage, through the redevelopment of previous skills or the provision of training necessary to develop new skills; second, it is a “bridge-the-gap” measure to aid the recipient spouse in *844 making the transition from married life to being single. See Corchado v. Corchado, 648 So.2d 1261 (Fla. 4th DCA 1995). Rehabilitative alimony is intended to provide assistance to a spouse while he or she regains the ability for self-support which may have been interrupted by the marriage. See Sierra v. Sierra, 776 So.2d 966, 967 (Fla. 3d DCA 2000). An award of rehabilitative alimony must be predicated upon evidence of a need for the alimony and the other party’s ability to pay, as well as evidence that the party seeking the rehabilitative alimony has the ability through retraining or education to provide for a standard of living reasonably commensurate with the standard established during the marriage. See Bissell v. Bissell, 622 So.2d 532, 533 (Fla. 1st DCA 1993).
Former husband asserts that the fact that former wife sought an alternative rehabilitative plan to become a sonogram technician was not sufficient to warrant an award of rehabilitative alimony. We agree.
In Sutton v. Hart, 746 So.2d 1175 (Fla. 3d DCA 1999), the third district reversed a rehabilitative alimony award to former ■wife in a dissolution of a twenty-three month marriage. Prior to the marriage, former wife had a history of clerical employment. After separation, former wife resumed her employment as a clerical worker. The trial court, however, awarded former wife two years of rehabilitative alimony at $400 a month, to allow her to obtain a degree in the field of sonography. The third district reversed, holding that despite former wife’s commendable desire to improve her lot in life, the trial court’s award of such alimony constituted an abuse of discretion where the record evidence did not show that as a result of this short-term marriage, former wife needed any assistance to regain the ability for self support similar to that which previously existed or would have existed but for the marriage of the parties. See id. at 1176. The court further held that the marriage did not affect the employability of former wife and that her aspiration to acquire training in an additional field was insufficient for an award of alimony. See id.
In this case, as in Sutton there was no testimony or evidence that the twenty-five month marriage affected the employability of the wife. We, therefore, reverse the award of rehabilitative alimony.
Findings op Fact
Next, former husband claims that the trial court failed to make proper findings as to the parties’ net incomes in accordance with section 61.08, Florida Statutes (2004)(“A11 sources of income available to either party”). We agree; however, because we are reversing the award of rehabilitative alimony, we decline to address this issue.
Attorney’s Fees and Costs
On appeal of an award of attorney’s fees and costs, the reviewing court must accept as true the trial judge’s conclusions or findings of fact where there is adequate support for them in the record. See Straley v. Frank, 612 So.2d 610, 618 (Fla. 2d DCA 1992), review denied, 624 So.2d 265 (Fla.1993). Absent an abuse of discretion, an appellate court may not overturn an award of attorney’s fees. See id.
 Section 61.16 governs any determination regarding an appropriate award of attorney’s fees in a proceeding for dissolution of marriage, support or child custody. See Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). Under section 61.16, a court may from time to time, depending on the circumstances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. See id. While, *845 under section 61.16, financial resources of parties is the primary factor to be considered, other relevant circumstances to be considered include the scope and history of litigation, the duration of litigation, the merits of respective positions, whether the litigation is brought or maintained primarily to harass or whether the defense is raised mainly to frustrate or stall, and the existence and course of prior or pending litigation. See id.
In this case, we hold the trial court did not abuse its discretion in the award of attorney’s fees and affirm.

Reversed and Remanded in part; Affirmed in part.

POLEN and TAYLOR, JJ., concur.