980 So.2d 1271 (2008)
Steve RITTER, Appellant,
v.
Anna KIESZKOWSKI, Appellee.
No. 3D07-2536.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Ross and Girten, and Lauri Waldman Ross, Miami; Robert S. Singer, for appellant.
Philip D. Parrish, Miami, for appellee.
Before GREEN, SHEPHERD, and CORTIÑAS, JJ.

On Motion for Clarification and Motion for Rehearing
PER CURIAM.
On consideration of appellant's Motion for Clarification and Motion for Rehearing, the Court grants the motion for clarification, denies the motion for rehearing, withdraws the opinion issued on January 16, 2008, and substitutes the following in its stead.
The former husband appeals from a final judgment of dissolution of marriage that awarded temporary rehabilitative alimony to the former wife. He argues, and we agree, that the trial court abused its discretion *1272 in awarding rehabilitative alimony where this was a marriage of short duration (14 months) that produced no children; the former wife had talent and training but chose not to pursue a job in her field; and there was no evidence in this record that the former wife's earning ability suffered during this marriage. See Sierra v. Sierra, 776 So.2d 966 (Fla. 3d DCA 2000); Sutton v. Hart, 746 So.2d 1175 (Fla. 3d DCA 1999); Edgington v. Edgington, 588 So.2d 1055 (Fla. 3d DCA 1991); Edwards v. Edwards, 529 So.2d 777 (Fla. 3d DCA 1988); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982). We therefore reverse and vacate the award of rehabilitative alimony and the loan provision with directions that any amounts already paid to the former wife under these provisions be set off against the remainder of monies owed to the former wife, if any, pursuant to the property distribution portion of the final judgment. If no further monies are owed the wife, then the wife shall return said overpayments to the husband in a timely manner.
Reversed in part with directions and affirmed in part.