483 So.2d 852 (1986)
ALTAMONTE HITCH AND TRAILER SERVICE, INC., a Florida Corporation and C.R. Foreman, Appellants,
v.
U-HAUL COMPANY OF EASTERN FLORIDA, a Florida Corporation, and Amerco, Inc., a Foreign Corporation Doing Business in the State of Florida, Appellees.
No. 85-1195.
District Court of Appeal of Florida, Fifth District.
February 27, 1986.
*853 William L. Eagan of Arnold, Matheny & Eagan, P.A., Orlando, for appellants.
J. Thomas Cardwell and Chris N. Kolos of Akerman, Senterfitt & Eidson, Orlando, for appellees.
SHARP, Judge.
Following an appeal to this court, we remanded the proceeding to the trial court to award attorney's fees and costs on appeal. The trial court had reserved jurisdiction to award attorney's fees and costs for the trial phase. It then entered an award of $9,566.40 for costs and attorney's fees, but failed to distinguish what amounts were awarded for appellate or trial work.
Appellants filed a timely motion for review pursuant to Florida Rule of Appellate Procedure 9.400(c).[1] This court denied the relief requested on August 21, 1985, thereby apparently affirming the award. Appellants now seek review of the same order pursuant to Rule 9.130(a)(4) as a non-final order.[2] Appellees argue that appellants have no right to have this same order reviewed a second time on the merits. We disagree.
An order granting attorney's fees and costs after entry of a final judgment is a final appealable order. Clearwater Federal Savings and Loan Association v. Sampson, 336 So.2d 78 (Fla. 1976); Hubert v. Div. of Admin., State of Florida D.O.T., 425 So.2d 671 (Fla. 2d DCA 1983); Saul v. Basse, 399 So.2d 130 (Fla. 2d DCA 1981); State Department of Citrus v. Griffin, 332 So.2d 54 (Fla. 2d DCA 1976); Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975). They are not technically "non-final" orders, since all judicial labor regarding their entry has been completed. These awards pertain to attorney's fees incurred at the trial level following a final decree. They are sufficient to support a full appeal. In contrast, Rule 9.400(c) specifically provides the review method to be employed for attorney's fees awarded for appellate work when the appellate court makes an award but opts to have the trial court assess the amounts.
Here appellant pursued both remedies in a timely fashion by seeking review under both rules. Due to the nature of this court's organization, the motion was ruled on first. The appeal pertaining to attorney's fees for trial work has just now *854 reached a different panel of judges for disposition.
The difficulty in this case, as well as in the case of the motion made pursuant to Rule 9.400, is that we can undertake no meaningful review of the sums awarded because the lower court failed to stipulate in its order what amounts awarded pertain to appellate fees and costs as opposed to trial fees and costs. Appellants are entitled to have these matters intelligently reviewed and this remedy should not be foreclosed to them because of the form of the order.
Accordingly, we remand this cause to the trial court for a period of thirty days for the purpose of apportioning attorney's fees and costs awarded between appellate and trial work. Thereafter, this proceeding shall continue in the form of a final appeal, with briefs and a record to be timely submitted in accordance with the appellate rules commencing from the date of the order apportioning fees. Further, in the interest of justice, at appellants' option, they may seek review of the appellate fees awarded pursuant to Rule 9.400(c), after the order is entered in its new form.
REMANDED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] "Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition." Rule 9.400(c).
[2] "Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule." Rule 9.130(a)(4).