516 So.2d 270 (1987)
Charles MORAND, M.D., Appellant,
v.
John T. STONEBURNER, III, et Ux., et al., Appellees.
No. 87-1251.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
On Motion for Appeal December 24, 1987.
Rehearing Denied December 30, 1987.
Arthur J. Ranson, III, Orlando, for appellant.
C. Wayne Alford of Alford & Kalil, P.A., and Michael J. Korn of Christian, Prom & Korn, Jacksonville, for appellees.
On Motion for Attorneys Fees on Appeal December 24, 1987.

*271 ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
Appellees move to dismiss the appeal as being untimely filed. We reject appellant's contention that because the final judgment which awards money damages to appellees based on a jury verdict reserved jurisdiction to award attorney's fees and costs, the judgment is really not "final," and thus the notice of appeal is premature. The reservation of jurisdiction to award attorney's fees and costs at a later time does not affect the finality of the judgment itself for purposes of appeal. General Accident Fire & Life Assurance Corporation, Ltd. v. Kellin, 391 So.2d 305 (Fla. 4th DCA 1980). A subsequently entered judgment awarding attorney's fees and costs is itself a final appealable order. Altamonte Hitch and Trailer Service, Inc. v. U-Haul Company of Eastern Florida, 483 So.2d 852 (Fla. 5th DCA 1986). Because the notice of appeal on this case was filed more than 30 days following the rendition of the final judgment, we have no jurisdiction of the appeal.
APPEAL DISMISSED.
UPCHURCH, C.J., and DAUKSCH, J., concur.

ON MOTION FOR ATTORNEYS FEES ON APPEAL
UPCHURCH, Chief Judge.
This appeal was dismissed as untimely per opinion filed August 27, 1987, page 270.
Appellees have now filed a motion for fees on appeal pursuant to section 768.56, Florida Statutes (1983), which provided that the prevailing party shall be entitled to an award of attorneys fees for time spent on cases involving allegations of medical malpractice. The question presented by this motion is whether this court has jurisdiction to award fees when it lacks jurisdiction to hear the plenary appeal.
There can be no question that appellees "prevailed" in this court because the appeal has been dismissed. We believe, however, that this court's jurisdiction to award fees in connection with the dismissal of an appeal is separate and apart from its jurisdiction to hear the merits of a particular case. We note a line of cases represented by National Union Fire Ins. Co. v. Brown, 211 So.2d 13 (Fla. 1968) and State Farm Mutual Automobile Ins. Co. v. Carrico, 211 So.2d 14 (Fla. 1968), have upheld the recovery of attorney's fees from insurance carriers by prevailing insureds, where the carrier's petition for certiorari review is denied in the supreme court for lack of jurisdiction. It would seem that these cases are in accord with the principle that a court has jurisdiction to determine its jurisdiction, 13 Fla.Jur.2d, Courts and Judges, § 28, and that ancillary to such determination can award attorney's fees where authorized by statute.
Therefore, the motion for fees is granted. We remand to the trial court to determine a reasonable amount for the services of appellees' attorneys.
DAUKSCH and ORFINGER, JJ., concur.