SHARP, W., J.
David A. Mendoza (the former husband) filed an appeal from two orders. On March 5, 2003, this court issued an order to show cause as to why the appeal should not be dismissed as untimely, giving appellant ten days to respond. Appellant has faded to respond. We dismiss the appeal because this court lacks jurisdiction to consider the issues raised on appeal.
The first order denied the former husband’s petition to transfer primary custody of his children from his former wife to himself. The order was rendered May 21, 2002. In that order, the trial court determined all custodial matters, and it awarded the former wife one hundred percent of her attorney’s fees. It reserved jurisdiction to set the amount of attorneys’ fees, in the event the parties could not agree on the sum due.
On July 30, 2002, the court rendered an order assessing the amount of $24,187.50 in attorneys’ fees and $2,295.15 in costs against Mendoza. The former husband filed a notice of appeal on August 29, 2002 directed to both orders. It was timely with regard to the July 30, 2002 order, but untimely as to the May 21, 2002 order.
After reviewing the issues briefed by the parties, we conclude that none relate to attorney-fee issues. Rather, they relate solely to custody and the conduct of the trial, which culminated in the order rendered May 21, 2002. A trial court’s reservation of jurisdiction to award of attorney’s fees and costs at a later time does not affect the finality of the judgment or order itself for purposes of appeal. Morand, M.D. v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987). However, a subsequent judgment awarding fees and costs is itself a final appealable order.[1] The former hus *1021 band should have timely appealed the May 21, 2002 order to preserve the issues he seeks to raise in this appeal. Accordingly, we dismiss it for lack of jurisdiction.
DISMISSED.
PALMER and ORFINGER, JJ., concur.

. See, Casavan v. Land O’Lakes Realty, Inc. of Leesburg, 526 So.2d 215 (Fla. 5th DCA 1988); *1021 Morand; Janelli v. Pagano, 492 So.2d 796 (Fla. 2d DCA 1986); Miller v. Nassofer, 484 So.2d 619 (Fla. 5th DCA 1986) Altamonte Hitch and Trailer Service, Inc. v. U-Haul Company of Eastern Florida, 483 So.2d 852 (Fla. 5th DCA 1986).