# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1855
Lower Tribunal No. 13-33700
_____

**Nationstar Mortgage, LLC,**
Appellant,

vs.

**Alejandro Castro, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William L. Thomas, Judge, and Marvin Gillman, Senior Judge.

Akerman LLP and Nancy M. Wallace (Tallahassee) and William P. Heller (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellant.

Graham Legal and Ashley Jaye Arends, for appellee, Cookies & Crackers Corp.

Before SUAREZ, C.J., and SHEPHERD and SALTER, JJ.

SALTER, J.

Nationstar Mortgage appeals an order involuntarily dismissing its residential foreclosure action and an order denying a motion for rehearing regarding the dismissal. Concluding that the dismissal was an unwarranted and excessive sanction, we reverse.

Appellee Alejandro Castro obtained a $352,000 residential mortgage loan as part of his purchase of a Miami Beach condominium in 2006. He defaulted on the note and mortgage in 2009. In 2013, following the transfer of the loan and original note and mortgage to Nationstar, and after the acquisition of the mortgaged condominium by appellee Cookies & Crackers Corp. ("C&C"), Nationstar commenced the underlying circuit court foreclosure action.

In early 2015, the case was set for trial. Three weeks before trial, counsel for C&C took the deposition of Nationstar's corporate representative. Following the deposition, however, that witness was noticed to appear in another trial in another Florida circuit. A week before the scheduled trial of the present case, Nationstar notified opposing counsel that another previously-listed witness would be assigned to testify as corporate representative. After discussion, the attorneys jointly moved for a continuance of the non-jury trial in order to alleviate any prejudice. Their respective clients consented to the joint motion.

On the date scheduled for trial, the trial court denied the joint motion to continue. C&C then moved to exclude Nationstar's proposed corporate witness on

2

the grounds that the witness who had been deposed was not made available, and the trial court granted the motion. At that point, C&C's attorney moved for an involuntary dismissal. The trial court granted that motion as well and later denied Nationstar's motion for rehearing. This appeal followed.

Analysis

Nationstar's counsel represented to the trial court that its proffered corporate representative would have testified to the same facts, figures, and corporate records as the representative who had been deposed. The court and counsel for C&C did not propose an adjournment to allow a deposition to be taken to confirm that fact.

Although C&C's counsel mentioned Binger without citation (Binger v. King Pest Control, 401 So. 2d 1310 (Fla. 1981)), the trial court did not address any of the factors detailed in that case. The exclusion of a proffered witness on the facts presented here, even an unlisted witness, "is a drastic remedy which should pertain in only the most compelling circumstances." Walters v. Keebler Co., 652 So. 2d 976, 977 (Fla. 1st DCA 1995) (citing Binger, 401 So. 2d 1310). In the present case, the trial court did not consider what prejudice, if any, might be suffered by C&C, nor did it address any lesser steps or sanctions that might have adequately addressed the substitution of one duly-listed corporate representative for another witness also listed in Nationstar's pretrial catalogue.

3

Here, as in a recent appeal involving a similar record, <u>Deutsche Bank National Trust Co. ex rel. LSF MRA Pass-Through Trust v. Perez</u>, 180 So. 3d 1186 (Fla. 3d DCA 2015), prejudice was neither demonstrated nor properly considered by the trial court. And here, as in that case, we reverse and vacate the trial court's order of dismissal and remand the case for further proceedings consistent with this opinion.

Reversed; order of dismissal vacated.