# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-721
Lower Tribunal No. 11-16201
_____


**Colonnade 101 SE, Inc., et al.,**
Appellants,

vs.

**Mireya Cristina Cambero Cordero,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Mesa & Associates and Manuel Arthur Mesa and Moises A. Saltiel, for appellants.

Diaz, Reus & Targ, Michael Diaz, Jr. and Elizabeth R. Cantu, for appellee.


Before WELLS, EMAS and LOGUE, JJ.

EMAS, J.

We affirm the nonfinal order below, which *granted* appellants the precise relief they sought in the trial court. Appellants' motion sought an order dissolving several notices of lis pendens, contending that the notices were both procedurally and substantively improper. The trial court held a non-evidentiary hearing on the motion, a procedure which appellants did not object to. Following arguments of counsel, the court granted the motion and entered an order dissolving the notices of lis pendens upon a determination that they were procedurally defective. The court further stated in its order that, having granted appellants the requested relief on the procedural grounds asserted, it was unnecessary to reach the merits of the substantive grounds or to hold an evidentiary hearing which would be required to adjudicate the substantive grounds raised in the motion.

We affirm because, under the order on review, appellants received exactly the relief they requested. Morgan v. Morgan, 404 So. 2d 1101 (Fla. 3d DCA 1981). We reject appellants' contention on appeal that the trial court was obligated to adjudicate the alternative substantive grounds asserted by appellants in their motion. Having granted appellants the relief they requested in their motion, upon the procedural ground asserted in that motion, the trial court was not required to address or adjudicate the alternative substantive grounds raised in support of the very same relief sought.[1]

---

[1] We would ordinarily dismiss the case for lack of standing upon the premise that a party cannot appeal an order which is wholly in its favor. Credit Indus. Co. v.

Affirmed.

_____

Remark Chem. Co., 67 So. 2d 540 (Fla. 1953); Morgan, 404 So. 2d at 1101. However, appellants did raise, in their motion below, the issue of the trial court's subject-matter jurisdiction. Although appellants' motion did not seek dismissal of the cause, the trial court expressly addressed the issue in its order and determined it had jurisdiction. Given this determination, we cannot say that the order on appeal was wholly favorable to appellants. See Katz v. Red Top Sedan Serv., Inc., 136 So. 2d 11 (Fla. 3d DCA 1962). Nevertheless, we affirm without further discussion the trial court's determination of that issue.