# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-331
Lower Tribunal No. 12-21621
_____

**The Bank of New York Mellon, etc.,**
Appellant/Cross-Appellee,

vs.

**Theresa Pearson, et al.,**
Appellees/Cross-Appellants.

An Appeal and Cross-Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Kass Shuler and Melissa A. Giasi (Tampa); Aldridge Pite and Matthew A. Ciccio (Delray Beach), for appellant/cross-appellee.

Ice Appellate and Thomas Erskine Ice (Royal Palm Beach), for appellees/cross-appellants.

Before SALTER, LOGUE and SCALES, JJ.

SALTER, J.

In this appeal and cross-appeal from a final judgment in a residential mortgage foreclosure case, the appellant ("Bank") appeals: the involuntary dismissal of its foreclosure action with prejudice; the trial court's unsolicited ruling that the action would be amended to constitute a suit on the companion promissory note; the cancellation of the note; and the entry of judgment on the note against the borrower/appellee, Theresa Pearson. Ms. Pearson's husband, Ronald Pearson, filed a notice of cross-appeal from the same final judgment.

In the main appeal, we reverse the final judgment and remand the case for further proceedings. Here, as in Deutsche Bank National Trust Co. ex rel. LSF MRA Pass-Through Trust v. Perez, 180 So. 3d 1186 (Fla. 3d DCA 2015), and Nationstar Mortgage, LLC v. Castro, 193 So. 3d 69 (Fla. 3d DCA 2016), the trial court abused its discretion in excluding the Bank's witnesses as a sanction for late disclosure and then dismissing the foreclosure complaint when the Bank was unable to present its case.

A dismissal as a sanction for a discovery violation is "an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard . . . ." Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004); Toll v. Korge, 127 So. 3d 883, 887 (Fla. 3d DCA 2013). The required findings are set out in Kozel v. Ostendorf, 629 So. 2d 817, 88 (Fla. 1993).

To strike a witness as a sanction for failure to comply with pre-trial disclosures requires a determination that calling the undisclosed witness will prejudice the opponent. <u>Binger v. King Pest Control</u>, 401 So. 2d 1310, 1313-14 (Fla. 1981). No such determination was made in this case, making the sanction an abuse of discretion. <u>See</u> <u>Preudhomme v. Bailey</u>, 4D15-2831, 2017 WL 436370 at *3 (Fla. 4th DCA Feb. 1, 2017) (finding that court erred in dismissing complaint with prejudice as sanction in absence of findings). The final judgment must be reversed and remanded for a trial de novo.

Regarding the cross-appeal, the erroneous determination by the trial court that the complaint would be amended to allege a cause of action on the promissory note—an amendment neither sought by the Bank, set forth in the complaint, or proven[1]—must be reversed as a consequence of our reversal of the final judgment on other grounds. We observe in passing, however, that the cross-appeal was improperly filed by Ronald W. Pearson and is subject to dismissal.

The final judgment Mr. Pearson sought to cross-appeal did not implicate any of his interests. He is not liable for anything under the judgment on the note (which he did not sign), and the mortgage foreclosure against him was dismissed in that judgment. A party cannot appeal a wholly favorable order. <u>Colonnade 101 SE, Inc. v. Cordero</u>, 194 So. 3d 446, 448 n.1 (Fla. 3d DCA 2016). <u>See</u> Philip J.

---

[1] The Bank confessed error on the unsought amendment and resultant judgment for thirty-four monthly payments on the note.

Padovano, <u>Fla. Appellate Practice</u> § 10:4, Entitlement to review—Standing (2016 ed.). Theresa Pearson might have been substituted in his stead if a motion in proper form had been filed. Fla. R. App. P. 9.040(d).

The final judgment is reversed and remanded to the circuit court for a trial de novo. Our reversal also disposes of the cross-appeal.