# Third District Court of Appeal

## State of Florida

Opinion filed April 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1383
Lower Tribunal No. 12-38811
_____

**HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-B, Mortgage-Backed Certificates, Series 2005-B,**
Appellant,

vs.

**Joseph T. Buset a/k/a Joseph Thomas Buset and Margaret Buset a/k/a Margaret Jean Buset, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Greenberg Traurig, and Kimberly S. Mello and Jonathan S. Tannen (Tampa), for appellant.

Jacobs Keeley, PLLC, and Bruce Jacobs and Court E. Keeley, for appellee Joseph T. Buset.


Before LAGOA, EMAS, and LOGUE, JJ.

LAGOA, J.

ON MOTION TO DISMISS

Appellant, HSBC Bank USA, National Association, as Trustee for Freemont Home Loan Trust 2005-B, Mortgage-Backed Certificates Series 2005-B (the "Trustee"), seeks an appeal from an Order Granting Defendant's Motion for Involuntary Dismissal for Unclean Hands and Lack of Substantial Competent Evidence and Order to Show Cause Why [Trustee] Should Not Be Sanctioned for Fraud Upon the Court Under the Court's Inherent Contempt Powers (the "Order"). The Order was entered following a nonjury trial.

Appellee, Joseph Buset (the "Appellee"), moves to dismiss the appeal as premature because the trial court "reserve[d] jurisdiction to award prevailing party attorney's fees and to impose sanctions against [Trustee] under the inherent contempt powers of the court." In response to the motion to dismiss, the Trustee advised this Court that the Trustee only seeks appellate review of the trial court's involuntary dismissal of the Trustee's mortgage foreclosure action against Appellee following a non-jury trial. The Trustee does not seek appellate review of either the Order's reservation of jurisdiction to award prevailing party attorney fees or the Order's reservation of jurisdiction to impose sanctions.

With regard to the portion of the Order granting Appellee's motion for involuntary dismissal, the Order contains language that enters judgment.

2

Specifically, the trial court's Order "grants Defendants' Motion for Involuntary Dismissal and **enters judgment in favor of the Defendants who shall go forth without day**." (emphasis added).

It is well established that "[f]or an order to be final, it must constitute an entry of a judgment [as] it is the final judgment that is appealable, not an order simply granting a motion." Ball v. Genesis Outsourcing Solutions, LLC, 174 So. 3d 498, 499 (Fla. 3d DCA 2015). See also Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002) ("An order granting only summary judgment merely establishes an entitlement to judgment, but is not itself a judgment."). As this portion of the Order contains language that enters judgment and contains the traditional words of finality, we find that this portion of the Order granting Appellee's motion for involuntary dismissal is appealable as a final order. See Ventures Tr. 2013-I-H-R v. Asset Acquisitions and Holdings Tr., 202 So. 3d 939, 940 n.1 (Fla. 2d DCA 2016) (finding that order involuntarily dismissing an action following a jury trial is a final, appealable order); cf. PennyMac Corp. v. Frost, 2017 WL 1013192 at *1 (Fla. 4th DCA Mar. 15, 2017) (reversing final order granting an involuntary dismissal of foreclosure action); Nationstar Mortg., LLC v. U.N. Kee Wing, 2017 WL 378593 at *1 (Fla. 5th DCA Jan. 27, 2017) (same); Deutsche Bank Nat'l Tr. Co. v. Baker, 199 So. 3d 967, 968 (Fla. 4th DCA 2016) (same).

Although not dispositive of this Court's decision, we note that the trial court's involuntary dismissal of the complaint after conclusion of the nonjury trial was "not in keeping with the 'best practice' in nonjury trials" where the trial court "could have just as easily rendered a final judgment on the merits." Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 n.2 (Fla. 2d DCA 2016) (citing Advercolor Press, Inc. v. Graphic Sales Innovators, Inc., 307 So. 2d 899, 900 (Fla. 3d DCA 1975)). Indeed, "it would have been preferable for the [trial] court to have rendered a final judgment at the conclusion of this nonjury trial, rather than an order of involuntary dismissal." Ventures Tr. 2013-I-H-R, 202 So. 3d at 940 n.1.

As we have determined that this Court possesses jurisdiction to review the portion of the Order that constitutes a final, appealable order—the involuntary dismissal—we turn to Appellee's argument that the Order's reservation of "jurisdiction to award prevailing party attorney's fees and to impose sanctions against [Trustee] under the inherent contempt powers of the court" undermines the Order's finality with respect to the merits determination involving the granting of an involuntary dismissal following a nonjury trial. We find Appellee's argument without merit.

It is well established that a trial court's reservation of jurisdiction to award fees, costs, or sanctions does not affect the finality of a judgment. See Nathanson

4

v. Rishyko, 140 So. 3d 1054, 1055 (Fla. 4th DCA 2014) (affirming trial court's final judgment denying counter-petition notwithstanding trial court's reservation of jurisdiction to impose sanctions for civil contempt); Morand v. Stoneburner, 516 So. 2d 270, 271 (Fla. 5th DCA 1987) (finding that reservation of jurisdiction to award attorney's fees and costs does not affect finality of judgment and appeal filed more than 30 days following rendition of final judgment was untimely); Prudential-Bache Securities, Inc. v. Bandes, 510 So. 2d 315, 316 (Fla. 2d DCA 1987) (holding that trial court's order confirming arbitrator's award was a final appealable order despite trial court reserving jurisdiction to determine taxable costs and prejudgment interest; "the reservation of jurisdiction to award costs does not detract from an order's finality"); Gen. Acc. Fire & Life Assur. Corp, Ltd. v. Kellin, 391 So. 2d 305, 306 (Fla. 4th DCA 1980) (finding that judgment "labelled 'partial' because of a reservation of jurisdiction to award fees and costs at a later time . . . .does not affect the finality of the judgment for purposes of appeal").

A trial court's reservation of jurisdiction to award prevailing party attorney's fees or impose sanctions are collateral matters to the main dispute, and do not affect the finality of a judgment. Indeed, if the trial court enters either a post-judgment order awarding attorney's fees or imposing sanctions, that order is itself an appealable final order. See Morand, 516 So. 2d at 271. As such, if the trial court were to impose sanctions or award attorney's fees, the Trustee may

separately appeal that subsequent order. See Mendoza v. Mendoza, 842 So. 2d 1020, 1020 (Fla. 5th DCA 2003) (concluding that "a subsequent judgment awarding fees and costs is itself a final appealable order"); Nathanson, 140 So. 3d at 1055 (finding that contempt order was not final and dismissing appeal without prejudice as to that issue; appellant had right to appeal contempt issue once trial court had determined sanctions). To avoid any confusion, any post-judgment order awarding fees would not be final or ripe for appellate review until both entitlement and amount have been determined. See Kling Corp. v. Hola Networks Corp., 127 So. 3d 833 (Fla. 3d DCA 2013).

Accordingly, as the Trustee appeals only from the portion of the Order granting Appellee's motion for involuntary dismissal, and that portion of the Order contains language that enters judgment, we deny Appellee's motion to dismiss for lack of jurisdiction.

Motion denied.