# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2830
Lower Tribunal No. 14-19273
_____

**Denis Kelly,**
Appellant,

vs.

**HSBC Bank USA National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Spittler & Associates, P.A., and John Spittler, Jr., for appellant.

León Cosgrove, LLP, and Benjamin Weinberg and John Byrne and Carly A. Kligler, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Denis Kelly, mortgagor and plaintiff below, appeals orders: (1) vacating a final judgment initially obtained by him in the case below; (2) dismissing with prejudice his complaint to quiet title to his residence in Miami Beach, Florida; and (3) granting a motion to impose sanctions against him pursuant to section 57.105, Florida Statutes (2017).[1]  In his complaint, Kelly alleged that the mortgage he executed in 2005 was fully accelerated in April 2008 and had become invalid and unenforceable by virtue of the applicable statute of limitation.

For the reasons which follow, we affirm the order vacating the default final judgment initially obtained by Kelly and the order dismissing Kelly's complaint with prejudice.  We dismiss as premature Kelly's appeal from the sanctions order.

Kelly initially obtained a final default judgment in 2014 against the mortgagee and defendant (appellee here), HSBC Bank USA National Association ("HSBC").  HSBC moved to vacate that judgment on the grounds that Kelly's complaint had not been properly served on HSBC.  The parties briefed and argued that motion to the trial court, which granted the motion and vacated the default judgment in 2015.  We find no merit whatsoever in Kelly's argument that HSBC's motion to vacate should have been denied.  The improperly-served complaint rendered the default final judgment void.  Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So. 2d 758 (Fla. 3d DCA 1986).

---

[1]  The order on sanctions ruled on entitlement, but did not fix the amount of attorney's fees to be awarded.

In 2016, HSBC moved to dismiss Kelly's complaint to quiet title. By that time, Kelly's legal theory regarding acceleration and unenforceability of HSBC's mortgage (by virtue of the bar of the statute of limitations) had been definitively rejected by the Supreme Court of Florida and by this Court. Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009 (Fla. 2016); Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016). The trial court correctly dismissed Kelly's complaint with prejudice on the basis of those decisions.

We dismiss the attempt to appeal the order granting in part HSBC's motion for sanctions, because the order only addressed entitlement and not the amount of attorney's fees to be imposed against Kelly. That attempt was premature, and the order on entitlement to sanctions was not an appealable order. HSBC Bank USA, Nat'l Ass'n for Fremont Home Loan Tr. 2005-B, Mortgage-Backed Certificates, Series 2005-B v. Buset, 216 So. 3d 701, 704 (Fla. 3d DCA 2017).

Affirmed as to the orders vacating the final default judgment against HSBC and dismissing Kelly's complaint with prejudice; dismissed as to the premature appeal from the order determining HSBC's entitlement to sanctions.