# Third District Court of Appeal

## State of Florida

Opinion filed May 17, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0596
Lower Tribunal No. 19-17781CC
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**All Insurance Restoration Services, Inc., a/a/o Marie Guerrier,**
Appellee.

An appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Paul R. Pearcy, P.A., and Maureen G. Pearcy, for appellant.

Giasi Law, P.A., Melissa A. Giasi, and Erin M. Berger (Tampa), for appellee.

Before FERNANDEZ, C.J., and HENDON, and MILLER, JJ.

MILLER, J.

In this first-party property dispute, appellant, Citizens Property Insurance Corporation, appeals an order granting summary judgment in favor of appellee, All Insurance Restoration Services, Inc. Notwithstanding the adverse interlocutory ruling, the trial court later dismissed the case. The order of dismissal specified "with prejudice." Despite ultimately prevailing in the lawsuit, Citizens filed a notice of appeal.

We issued an order to show cause why the appeal should not be dismissed as from a "wholly favorable judgment." Dep't of Health v. Fresenius Med. Care Holdings, Inc., 935 So. 2d 636, 637 (Fla. 1st DCA 2006) ("An appeal of a wholly favorable judgment must be dismissed."). In response, Citizens asserted the dismissal order was potentially adverse because it included a prevailing party reference and reservation of jurisdiction to adjudicate All Insurance's pending fee motion.[1]

Our disposition of this appeal is guided by several enduring legal principles. It is well-settled that interlocutory orders merge into the final judgment. Oliver v. Stone, 940 So. 2d 526, 529 (Fla. 2d DCA 2006) (citation omitted) ("It is well established that a trial court may reconsider and modify interlocutory orders at any time until final judgment is entered. All interlocutory proceedings, however, are merged into and disposed of by the

[1] The fee claim has since been withdrawn.

2

final judgment."). Equally established is that appellate courts review "judgments, not statements in opinions." Black v. Cutter Lab'ys, 351 U.S. 292, 297 (1956). As a result, only a party aggrieved by a judgment may ordinarily maintain an appeal. See Witt v. Baars, 18 So. 330, 330 (Fla. 1895) ("The bill having been dismissed as to the appellant Mary Witt, no relief whatever having been granted against her, or any liability adjudged against her or her estate, she cannot appeal; and the appeal as to her should be dismissed . . . ."); Colonnade 101 SE, Inc. v. Cordero, 194 So. 3d 446, 448 n.1 (Fla. 3d DCA 2016) ("[A] party cannot appeal an order which is wholly in its favor."); Save Anna Maria, Inc. v. Dep't of Transp., 700 So. 2d 113, 115 (Fla. 2d DCA 1997) ("The general rule is that parties cannot file proceedings to review an order of judgment in their favor."); Credit Indus. Co. v. Remark Chem. Co., 67 So. 2d 540, 541 (Fla. 1953) (dismissing "an appeal from a decision favorable to the appellant").

Here, the order of dismissal did not grant any relief against Citizens. In fact, the opposite is true. In dismissing the case with prejudice, the trial court simultaneously absolved Citizens of any liability and eliminated the possibility the case would be subsequently refiled. Further, to the extent the trial court reserved jurisdiction to rule on the pending fee motion, "[a] trial court's reservation of jurisdiction to award prevailing party attorney's fees or

3

impose sanctions are collateral matters to the main dispute." HSBC Bank USA, Nat'l Ass'n for Fremont Home Loan Tr. 2005-B, Mortg.-Backed Certificates, Series 2005-B v. Buset, 216 So. 3d 701, 703 (Fla. 3d DCA 2017). It is axiomatic that any order awarding attorney's fees would be separately appealable. Id. at 703–04. Accordingly, we conclude Citizens was not aggrieved by the final judgment, and we dismiss the appeal.

Dismissed.