# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-348
Lower Tribunal No. 18-13147 CC
_____

**Peaceful Paws Memorial Services LLC,**
Appellant,

vs.

**Karen Tarves, et al.,**
Appellees.

An Appeal from a non-final order from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Ayala Law, P.A., and Eduardo A. Maura, for appellant.

The Levey Law Firm, P.A., and Lewis J. Levey, for appellees.

Before EMAS, HENDON, and BOKOR, JJ.

HENDON, J.

Peaceful Paws Memorial Services LLC ("Peaceful Paws") appeals

from the denial of its Emergency Motion to Quash Service of Process, Vacate Clerk's Default, Vacate Default Final Judgment, and Stay of Execution. We reverse.

## I. Facts and Procedural History

Karen Tarves, individually, and as the Trustee of The Karen Tarves Revocable Trust (collectively, "Ms. Tarves"), obtained a final judgment against Joseph Castranova III ("Castranova") and Julian Mauricio Rivera Moncaleano ("Moncaleano") in the amount of $18,383.75. Thereafter, the trial court entered a final judgment awarding attorney's fees and costs in favor of Ms. Tarves in the amount of $17,853.00.

Ms. Tarves filed a motion for post-judgment continuing writ of garnishment to Peaceful Paws for Castranova's and Moncaleano's salary, wages, and commissions. The trial court issued a post-judgment continuing writ of garnishment to Peaceful Paws, requesting that the writ of garnishment be served on Peaceful Paws' registered agent, Paul A. Sack ("Mr. Sack"), at 1130 Washington Avenue, 3rd Floor, Miami Beach, Florida 33139 ("Miami Beach address"). The writ of garnishment provided that Peaceful Paws had twenty days to file an answer.

On April 22, 2021, Ms. Tarves filed the Return of Service, which reflects that on April 1, 2021, the process server "served a CORPORATION

2

by serving Continuing Writ of Garnishment to Paul Butler Employee as an employee of said Corporation or Registered Agent in the absence of any superior officer as defined in Florida Statute, Section 48.081 when defendant's corporation fails to comply with F.S. 48.091." On that same day, Ms. Tarves filed a motion for default against Peaceful Paws for failure to file an answer. The Clerk of Court entered a default against Peaceful Paws. Thereafter, Ms. Tarves moved for a default final judgment against Peaceful Paws. On May 27, 2021, without conducting an evidentiary hearing, the trial court entered a default final judgment in favor of Ms. Tarves and against Peaceful Paws (as garnishee) in the amount of $17,853.00.

Starting in November 2021, in an attempt to execute on the final judgment entered against Peaceful Paws, Ms. Tarves filed, among other things, a notice of serving fact information sheet, a request for production of documents, a notice of taking deposition in aid of execution, and a notice of taking the deposition of Paul Butler ("Mr. Butler"). There was no response from Peaceful Paws, Mr. Sack, or Mr. Butler.

On January 30, 2023, Ms. Tarves filed a writ of garnishment to Bank of America, N.A., asserting that she has a judgment against Peaceful Paws in the amount of $17,853.00. Thereafter, on February 8, 2023, Peaceful

3

Paws filed an Emergency Motion to Quash Service of Process, Vacate Clerk's Default, Vacate Default Final Judgment, and Stay Execution, arguing, among other things, that it was not properly served under section 48.062(1), Florida Statutes, which applies to process of service on a limited liability company. Mr. Sack asserted that he is no longer at the Miami Beach address, and neither he nor anyone else at his office was served with the continuing writ of garnishment, and his office has not been at the Miami Beach address for years. Further, Mr. Butler has never been an employee of Mr. Sack. Moreover, there is no evidence that the process server attempted to serve Peaceful Paws at another address. Therefore, the service was ineffective and, as a matter of law, the default and default final judgment are void and must be vacated under Florida Rule of Civil Procedure 1.540(b)(4). Mr. Sack further asserted that the writ of garnishment asserts a claim for unliquidated damages and therefore the trial court erroneously entered the default final judgment without notice of trial on damages. Finally, Peaceful Paws moved to stay execution of the default final judgment. In support of its emergency motion, Peaceful Paws filed Mr. Sack's declaration.

On February 15, 2023, Ms. Tarves filed her attorney's (Lewis J. Levey) declaration in opposition to Peaceful Paws' emergency motion.

4

Levey asserted that Peaceful Paws is an active Florida corporation, whose registered agent is Mr. Sack, who is located at the Miami Beach address. When the process server served the continuing writ of garnishment, Mr. Sack was not present and service was effectuated on Peaceful Paws' employee/authorized member, Mr. Butler, who was authorized to accept process. Further, although Mr. Sack claims that his office has not been located at the Miami Beach address for years, on January 10, 2021, Mr. Butler, as an authorized member, submitted Peaceful Paws' Annual Report, which was electronically signed by Mr. Sack and provides that Mr. Sack is Peaceful Paws' registered agent, and Mr. Sack's address is at the Miami Beach address. Moreover, on April 7, 2022, Mr. Butler, as "CFO," submitted Peaceful Paws' Annual Report to the Secretary of State, which was electronically signed and stated that Mr. Sack was Peaceful Paws' registered agent and that his address is the Miami Beach address. Further, numerous notices were mailed to Mr. Sack as Peaceful Paws' registered agent at the Miami Beach address, but no return mail was received. Finally, Peaceful Paws' motion to vacate was untimely because Peaceful Paws waited almost two years to claim that someone pretending to be Mr. Butler while at Mr. Sack's office was served with the continuing writ of garnishment.

5

Peaceful Paws filed a reply to Ms. Tarves' opposition and to Levey's declaration, asserting that Attorney Levey misrepresented Peaceful Paws' argument because Peaceful Paws did not claim in its Motion to Vacate that "someone pretending to be Paul Butler in Paul A. Sack's office was served with the Court's Continuing Writ of Garnishment." Peaceful Paws further argued

> [E]ven if Sack's office was located at the address in question (and it was not) and Mr. Butler accepted service (which he did not), Mr. Butler was not and has never been Sack's employee, and therefore, was not authorized to accept service on Sack's behalf. Consequently, [Ms. Tarves'] claim that she served Sack by serving Mr. Butler is a legal nullity.

Moreover, Peaceful Paws asserted that Ms. Tarves failed to address Peaceful Paws' argument that Peaceful Paws was entitled to an evidentiary hearing on damages, and therefore, because the default final judgment was entered without notice of trial on damages, it is void and must be set aside.

Following a hearing on Peaceful Paws' emergency motion to vacate, etc., the trial court entered an order denying the motion. The trial court noted that the return of service states that the writ of garnishment was served "to Paul Butler Employee as an employee of said Corporation or Registered Agent," and Peaceful Paws had not filed an affidavit or evidence claiming that Mr. Butler was not served with the writ of

garnishment. The order also sets forth the facts relating to the annual reports that show that Mr. Butler is an "Authorized Member" of Peaceful Paws. The trial court found that, as Peaceful Paws' managing member, Ms. Tarves' service of the writ of garnishment upon Mr. Butler was proper. Further, the trial court found that Peaceful Paws' motion to vacate was not filed within a reasonable time as required by rule 1.540(b), as the record indicates that Peaceful Paws was aware of these proceedings from the date the default final judgment was entered on May 27, 2021. The trial court's order did not address Peaceful Paws' argument that it was entitled to an evidentiary hearing on damages. Peaceful Paws' appeal of the denial of its emergency motion followed.

## II. Standards of Review

"A trial court's ruling on a motion to quash service of process, to the extent it involves questions of law, is subject to de novo review." Clear 2 Close Title, LLC v. Zap Cap., Inc., 48 Fla. L. Weekly D407, *3 (Fla. 3d DCA Feb. 22, 2023) (citing Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007)). "Determining whether a judgment is void poses a question of law that we review de novo." Regions Bank v. Big Bend Invs. Grp. of Fla., LLC, 311 So. 3d 181, 184 (Fla. 2d DCA 2020). "A trial court's ruling on a rule 1.540(b) motion for relief from judgment is

7

usually reviewed on appeal for an abuse of discretion. However, a decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017) (internal citations, alterations, and quotation marks omitted); see also Specialty Sols., Inc. v. Baxter Gypsum & Concrete, LLC, 325 So. 3d 192, 196 (Fla. 5th DCA 2021) ("Whether a final judgment is void presents a question of law that an appellate court reviews de novo.").

## III. Analysis

Peaceful Paws argues that the trial court erred by denying the motion to quash service of process as the attempted service on Peaceful Paws was not effectuated in compliance with the applicable service of process statute—section 48.062. We agree. Peaceful Paws further argues that because the trial court lacked personal jurisdiction over Peaceful Paws, the default final judgment entered against Peaceful Paws is void, and the trial court erred by denying Peaceful Paws' motion to vacate the default final judgment. We agree.

"[V]alid service of process is necessary to vest jurisdiction in the trial court," and therefore, "the court lacks personal jurisdiction over [a party]

8

until service is perfected."  Tuscan River Est., LLC v. U.S. Bank Tr. Nat'l Ass'n, 351 So. 3d 1233, 1236 (Fla. 1st DCA 2022).  Further, a complaint that was improperly served renders the default judgment void.  See Kelly v. HSBC Bank USA Nat'l Ass'n, 240 So. 3d 107, 108 (Fla. 3d DCA 2018); see also Metro. Mortg. Co. of Miami v. Rose, 353 So. 3d 1230, 1233 (Fla. 3d DCA 2022) (stating that a judgment is void when the judgment is entered by a court that lacks personal jurisdiction over the party).

In the instant case, the return of service reflects that the process server "served a CORPORATION by serving Continuing Writ of Garnishment to Paul Butler Employee **as an employee of said Corporation** or Registered Agent in the absence of any superior officer as defined in Florida Statute, **Section 48.081** when defendant's corporation fails to comply with F.S. 48.091." (emphasis added).   The Sunbiz printout reflects that Peaceful Paws is a Florida limited liability company, and therefore, service of process is governed by section 48.062, not section 48.081, as set forth in the service of process.

Section 48.062, Florida Statutes (2021), titled "Service on a limited liability company,"[1] provides, in part, as follows:

(1) Process against a limited liability company, domestic or

---

[1] At the time of service, this version of the statute was in effect.  It was later amended effective January 2, 2023.

foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

(2) If service cannot be made on a registered agent of the limited liability company because . . . its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:

(a) On a member of a member-managed limited liability company[.]

In the instant case, the Sunbiz printout reflects that Peaceful Paws' registered agent is Mr. Sack, and that Mr. Butler is an authorized member. Further, Peaceful Paws' 2022 Annual Report, which was signed by Mr. Butler as "CFO," reflects that Mr. Sack is the registered agent and that Mr. Butler is an authorized member. Moreover, Mr. Sack's declaration states that Mr. Butler has never been his employee.

Based on these facts, Peaceful Paws was not properly served with process. First, pursuant to section 48.062, during the first attempt at service, process can be served on the registered agent **or an employee of the registered agent.** At best, the record reflects that Mr. Butler, as CFO of Peaceful Paws, is an employee of Peaceful Paws itself, not an employee of Peaceful Paws' registered agent, Mr. Sack.

Second, if a registered agent cannot with reasonable diligence be

10

served, process can be served on a member of a member-managed limited liability company, such as Mr. Butler. However, In the instant case, there is no record evidence that the process server could not "with reasonable diligence" serve the registered agent, Mr. Sack. The return of service does not reflect that other attempts were made to serve Peaceful Paws' registered agent, Mr. Sack, or that "with reasonable diligence," Mr. Sack could not be served. As such, under the circumstances of this case, service of process on Mr. Butler, assuming he is an employee of Peaceful Paws, does not comport with the service requirements on a limited liability company as set forth in section 48.062. As Peaceful Paws was not properly served, the default final judgment is void. See Metro. Mortg. Co. of Miami, 353 So. 3d at 1233 (stating that a judgment is void when the judgment is entered by a court that lacks personal jurisdiction over the party). As such, the trial court erred by denying Peaceful Paws' motion to quash service of process.

Moreover, in denying the motion to vacate the default final judgment, the trial court found that it was not filed within a reasonable time. However, as the default final judgment is void based on lack of personal jurisdiction, relief from the void judgment may be granted at any time without taking into consideration whether it was filed within a reasonable time. See Metro.

11

Mortg. Co. of Miami, 353 So. 3d at 1232 (noting that Florida Rule of Civil Procedure 1.540(b)(4) authorizes relief from a void judgment, and that the rule expressly requires that a party file a motion for relief from a void judgment "within a reasonable time"; explaining that, "while Rose persuasively argues that Metropolitan Mortgage unreasonably delayed the filing of the motion, we are constrained by our precedent to eschew equitable factors and examine only whether the judgment is void"). As the default final judgment is void, this court does not address whether Peaceful Paws' delay in filing the motion to vacate the default final judgment was unreasonable. Therefore, under the facts of this case, the trial court erred by denying Peaceful Paws' motion to vacate the default final judgment. Accordingly, we reverse the order under review.

Based on the resolution of these issues, we do not need to address Peaceful Paws' remaining arguments raised on appeal.

Reversed.